# Jefferson, *pro ami* v. Birmingham Railway & Electric Co.

*Action against a Railroad Company to recover Damages for Personal Injuries.*

1. *Action against a street railway company; injury to trespassing child; sufficiency of averment of negligence.*—The failure of a street railway company, operating a dummy line along the streets of a city, to so guard its cars as to prevent a trespassing child under seven years of age from getting on and off the cars while being operated, or from falling or being thrown from such cars, does not constitute actionable negligence ; and a complaint counting upon such failure is insufficient as charging negligence against the railroad company.

2. *Same ; same ; same.*—A count of a complaint which alleges that while defendant was operating a dummy line along the streets of a city, the plaintiff, a boy five years old, "got on one of the cars of said dummy line, and defendant, through its servants or agents recklessly, wantonly or intentionally caused plaintiff to leave said car while same was in motion, and in consequence thereof plaintiff suffered the injuries and damages" complained of, not only fails to charge that the defendant willfully or intentionally caused the injury to the plaintiff, but does not aver any actionable negligence against the defendant.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellant, Johnson Jefferson, by his next friend, against the appellee ; to recover damages for personal injuries.

The complaint, as amended, contained five counts, which were as follows :   "The plaintiff claims of the defendant twenty-five thousand dollars as damages, for that, heretofore, on, to-wit, October 9th, 1896, defendant was operating and controlling a certain train composed of a steam locomotive engine, known as a dummy, and certain cars ; that on said day said engine and cars were being moved by defendant over and along a certain street or streets of Bessemer, Alabama, at a low rate of speed, and occasionally coming to a stop ; that the track upon which said train was being operated as aforesaid was upon a grade with the said street or streets ; that said cars moved, stopped and operated as aforesaid, were

[Jefferson, *pro ami* v. Birmingham Railway & Electric Co.]

attractive to children and would tend naturally to cause children to desire to get upon them; that said cars ran and operated upon said streets in the manner aforesaid were highly dangerous to children old enough to get upon them and too young to appreciate the danger, unless said cars were properly attended or guarded; that it became the duty of defendant operating said cars as aforesaid, through its servants or agents, to properly attend or guard said cars while the same were being operated as aforesaid; but disregarding said duty, defendant, through its servants or agents negligently failed to have a conductor upon said cars at said time or otherwise to properly attend or guard said cars while same were being operated as aforesaid and in consequence thereof plaintiff, who was a boy under the age of seven years, to-wit, of the age of five years, got upon one of said cars and was thrown or fell therefrom and was run upon by one of said cars and was so lacerated, mangled and bruised that he lost one of his legs, and was crippled and disfigured for life, and was rendered, for life, less able to work and earn money, and was caused to suffer great mental and physical pain.

"2d Count. Plaintiff claims of defendant the further sum of twenty-five thousand dollars as damages, for that heretofore, to-wit, on the 9th day of October, 1896, defendant caused certain small cars to be operated by means of a small locomotive known as a dummy, upon a certain public street or streets of Bessemer, Alabama, without sufficient precautions being taken to prevent children getting upon them; that it was highly dangerous for children to be upon said cars unless said children were properly attended, watched or guarded to prevent their falling or being thrown from said cars.; that said cars operated as aforesaid, would naturally attract children to get upon them, and children would likely get upon them unless proper precautions were used to prevent; that plaintiff, who was a boy under the age of seven years, to-wit, of the age of five years, was attracted to get upon said cars by the natural instincts of childhood and got upon one of said cars by reason thereof, and it then became and was the duty of defendant to use due care to prevent plaintiff from falling or being thrown from said car, but defendant negligently failed to perform said duty and as a proximate consequence of said

[Jefferson, *pro ami* v. Birmingham Railway & Electric Co.]

failure, plaintiff fell or was thrown from said car and suffered the injuries and damage set out in the first count of the complaint.

"3d Count. Plaintiff claims of defendant the further sum of twenty-five thousand dollars as damages for that heretofore, to-wit, on the 9th day of October, 1896, defendant was running and operating, over and along its tracks upon the streets of Bessemer, Alabama, a certain train composed of a steam locomotive engine, known as a dummy engine, and one or more cars ; that defendant; through its servants or agents, negligently caused or allowed plaintiff, who is a boy under the age of seven years, to-wit, of the age of five years, to get upon one of the said cars without any guardian or other proper attendant and in consequence thereof plaintiff fell from said car and was run over by one of said cars and suffered the injuries and damage set out in the first count of the complaint.

"4th Count. Plaintiff claims of defendant the further sum of twenty-five thousand dollars as damages for that, heretofore, to-wit, on the 9th day of October, 1896, defendant was operating and running a dummy line, among other places, upon certain streets of Bessemer, Alabama ; that on said day plaintiff, who was a boy under the age of seven years, to-wit, of the age of five years, got upon one of the cars of said dummy line, and defendant, through its servants or agents, recklessly and wantonly or intentionally caused plaintiff to leave said car while same was in motion, and, in consequence thereof, plaintiff suffered the injuries and damages as set out in the first count of the complaint. All to plaintiff's damage twenty-five thousand dollars, wherefore he sues.

"5th Count. Plaintiff claims of defendant the further sum of twenty-five thousand dollars as damages for that, heretofore, to-wit, on October 9, 1896, defendant was operating and controlling a certain train composed of a small steam locomotive engine and certain small cars upon a certain public street or streets of Bessemer, Jefferson county, Alabama, without any one upon said cars, and without sufficient precautions being taken to prevent children getting upon them ; that it was highly dangerous for children to be upon said cars, unless said children were properly attended, watched or guarded, to prevent their falling or being thrown from said cars ; that said cars

operated as aforesaid, were highly attractive to children; that plaintiff, who was a boy under seven years of age, to-wit, of the age of five years,. was attracted to get upon said cars by the natural instincts of childhood, and got upon one of said cars on a place thereon highly dangerous to him, without any attendant or guardian, and defendant knew or could by the exercise of due care have known that plaintiff was upon said cars in said dangerous place without any attendant or guardian, and defendant negligently failed to take any proper care or precaution to prevent injury to plaintiff, but ran said engine and cars without any such precaution, and in consequence thereof plaintiff fell or was thrown from said car and suffered the injuries and damage set out in the first count of this complaint, all to his damage twenty-five thousand dollars, wherefore he sues." .

To this complaint the defendant demurred upon the following grounds: "1st. For that said complaint presents no cause of action against this defendant, nor does either of said counts present a cause of action against the defendant. 2d. For that said complaint shows no duty which the defendant owed the plaintiff, nor does either of said counts show any such duty. 3d. For that said complaint shows a violation of no duty which the defendant owed the plaintiff, nor does either of said counts show any such violation of duty. 4th. For that it was not the duty of defendant to guard its train or cars from trespassers. 5th. For that the complaint and each and every count thereof separately and severally show that plaintiff was a trespasser upon defendant's train and cars. 6th. For that it does not appear from the averments of either of said counts that the defendant was guilty of negligence. 7th. For that it does not appear that the defendant or its servants knew that the plaintiff was on the car. 8th. For that it does not appear that the defendant or its servants knew that the plaintiff was in a dangerous place on said car. 9th. For that it does not appear that the defendant or its servants knew that the plaintiff was unattended by an attendant or guardian. 10th. For that it does not appear that the conductor had invited the plaintiff to get on the car. 11th. For that it does not appear that it was the duty of the defendant or its servants to know that the plaintiff was on the car in a dangerous place and unattended by an attendant or

guardian. 12th. For that it does not appear from the averments of the fourth count of the complaint that the defendant, its servants or agents recklessly, wantonly or intentionally injured the plaintiff.''

The court sustained the demurrer to each count of the complaint, and the plaintiff declining to further amend his complaint, or to plead further, judgment was rendered for the defendant. Plaintiff appeals and assigns as error the ruling of the court in sustaining the demurrer to each count of the complaint, and the rendition of the judgment for the defendant. '

Bowman & Harsh and C. P. Beddow, for appellant. No one is allowed to have upon his own premises where children are likely to resort, *much less upon the public streets of a city*, a thing of danger to children, without taking due care to prevent injury to them.—*Government St. R. R. v. Hanlon*, 53 Ala. 76 ; *Harriman v. Pittsburg C. & St. L.R. Co.*, 12 N. E. Rep. 453 ; *Clark v. Chambers*, 3 Q. B. 338 ; *Whirley v. Whiteman*, 1 Head (Tenn.) 610 ; *Branson's Admr. v. Labrot*, 81 Ky. 638 ; Beach on Con. Neg. (2d ed.), § 140 ; *Mobile & M. R'way v. Crenshaw*, 65 Ala. 567 ; *Westerfield v. Levi Bros.*, 43 La. Ann. 65 ; *Keffe v. M. & St. Paul Ry. Co.*, 21 Minn. 207.

A *fortiori*, after plaintiff was attracted to get upon the car, a negligent failure to use due care to prevent him from · falling from said car, creates liability.—*The T. & P. R'y Co. v. O'Donnell*, 58 Tex. 42 ; *Gulf C. & S. F. Railway Co. v. Cunningham*, 30 S. W. Rep. 367 ; *Keffe v. M. & St. Paul R'y Co.*, 21 Minn. 207.

To recklessly and wantonly or intentionally cause a child five years of age to leave a car while in motion, regardless of all other questions in the case, is actionable.—*Frazer v. S. & N. Ala. R. R. Co.*, 81 Ala. 185 ; *Rounds v. D., L. & W. R. R. Co.*, 64 N. ·Y. 129 ; *Johnson v. C. etc. R. R. Co.*, 53 Iowa 348.

Acts which are not negligent to an adult may be gross negligence toward a child.—*Mobile & Montgomery R'y Co. v. Crenshaw*, 65 Ala. 567 ; *R. R. Co. v. Stout*, 17 Wall. 657 ; *Branson's Admr. v. Labrot*, 81 Ky. 638 ; *Kunz, Admr. etc. v. City of Troy*, 10 N. E. Rep. 442.

A child can recover for falling from a train at a crossing, where there is no watchman.—*Thompson v. M. K. & T. R. Co.*, 32 S. W. Rep. 191.

[Jefferson, *pro ami* v. Birmingham Railway & Electric Co.]

The demurrers, at least upon the grounds assigned, should have been overruled.—*Mobile & Montgomery Railway Co. v. Crenshaw,* 65 Ala. 567.

WALKER, PORTER & WALKER, *contra.*—A child not yet arrived at the age of discretion can not be guilty of contributory negligence, and, therefore, a railroad company is liable for injuring it, if guilty of simple negligence only. If, however, such a child should get upon the track in front of a moving engine so close that the engineer, after discovering it, could not keep from running over it, there could be no recovery—just as would be the case with an adult. And so, if such a child should attempt to get upon the train from the side and no employè of the railroad company knows of the peril of the child in time to prevent it from being injured; while the child has not been guilty of contributory negligence, because it can not be, the railroad company has not been guilty of even simple negligence.—*Ala. G. So. R. R. Co. v. Dobbs,* 101 Ala. 219 ; *Nave v. A. G. S. R. R. Co.,* 96 Ala. 264.

The fourth count did not allege willful or intentional injury. The allegation being that appellee or its servants recklessly and wantonly or intentionally—did not hurt or injure the boy—but caused him to leave the car while it was in motion and in consequence thereof he was injured. This is not an allegation by any means that appellee or its servants willfully injured him. Willfully making one leave a car is not willfully injuring him. This court has time and time again held that the injury must be intentional. Here it is not so alleged, but simply, that he was willfully made to leave the car— in other words, that appellee or its servants saw the boy on the car and made him get off.—*Haley v. K. C., M. & B. R. R. Co.,* 113 Ala. 640.

HARALSON, J.—The rule in respect to contributory negligence of children has been stated by this court to be, that "a child between seven and fourteen years of age is *prima facie* incapable of exercising judgment and discretion, but evidence may be received to show capacity. * * * * If the plaintiff is of such tender years, that he is conclusively presumed incapable of judgment and discretion, and of owing duty to another, neither

contributory negligence on his part, nor that of his parent, can be set up to defeat a recovery."—*Pratt C. & I. Co. v. Brawley*, 83 Ala. 374; *Gov. St. R. R. Co. v. Hanlon*, 53 Ala. 70. See also 3 Elliott on Railroads, § 1261.

In speaking of the liability for injury to trespassing children, Elliott, in his work on Railroads, says: "In actions for injuries to children, as in other cases, there can be no recovery unless the defendant has been guilty of a breach of duty. * * * * There is a sharp conflict among the authorities, however, as to what the duty of a railroad company is to children who come upon its premises as trespassers or mere licensees. We believe the true rule to be that, although the age of the child may be important in determining the question of contributory negligence or the duty of the company after discovering him, the company is, in general, no more bound to keep its premises safe for children who are trespassers, or bare licensees not invited or enticed by it, than it is to keep them safe for adults." To sustain this doctrine he cites a long list of authorities from many courts.—3 Elliott on Railroads, § 1259.

In *Bishop v. Union R. R. Co.*, 14 R. I. 314, similar in principle to the one before up, and which, from the frequency of its citation as well as from its own inherent merits, seems to be a leading case on the subject, the Supreme Court of that State lay down the doctrine, that the owner of property which has been trespassed upon, is not liable to the trespasser for an injury arising from the trespass merely because he might by care have guarded against it. Referring to the class of cases relied on by appellant in this case, to sustain his complaint,—as where defendant's servant left his cart and horse in a public street, unattended, for half an hour, and a boy six years old, who had gotten into the cart and attempted to get out was injured, after another boy had started the horse off, (*Lynch v. Nurdin*, 1 Ad. & El. N. S. 29); or where a child six years old was injured while playing with a turn table of a railroad company, (*Railroad Company v. Stout*, 17 Wall. 657); or where defendant put a heavy gate on his own land, beside a passway which was used by children, going to and from the public road, but left it so carelessly that it fell upon and injured a child between six and seven years old,

who shook it in passing, (*Birge v. Gardiner*, 19 Conn. 507), in each of which cases a verdict was sustained against the defendant therein,—the court said: "We know of no cases more favorable to the plaintiff than the three cases last cited, but in all three of them the object which caused the injury was a dangerous object left exposed, without guard or attendant in a public place of common resort for children. An object so left is a standing temptation to the natural curiosity of a child to examine it, or to his instinctive propensity to meddle or play with it." The court added: "The case at bar differs very much from the three cases previously stated, for in the case at bar the cars, instead of being left unattended, were in the charge of the driver who was in the act of driving them, so that there was nothing done to encourage the trespass, which was merely the result of momentary impulse. Ordinarily a man who is using his property in a public place is not obliged to employ a a special guard to protect it from intrusion of children, merely because an intruding child may be injured by it. We have all seen a boy climb up behind a chaise or other vehicle for the purpose of stealing a ride, sometimes incurring a good deal of risk. It has never been supposed that it is the duty of the owner of such a vehicle to keep an outrider on purpose to drive such boys away; and that, if he does not, he is liable to any who is injured while thus secretly stealing a ride. In such a case no duty of care is incurred." In support of the doctrine many cases are cited, to which may de added, as being in point, *Western Railway of Ala. v. Mutch*, 97 Ala. 194; *Cartlett v. Railway Co.*, 57 Ark. 461; *Railway Co. v. Stumps*, 69 Ill. 409; *Railway Co. v. Connell*, 88 Penn. St. 520; *Rodgers v. Lees*, 140 Penn. St. 475; *Daniels v. Railway Co.*, 154 Mass. 349; *Snyder v. Railway Co.*, 60 Mo. 413; *Railway Co. v. Smith*, 46 Mich. 504; Railway Accident Law, § 75.

From what has been predicated, it will appear that counts of the complaint, numbered 1, 2, 3 and 5, were insufficient as charges of negligence against defendant, and were subject to the demurrer interposed to them.

The fourth count was intended to set up that the servants of the defendant willfully or intentionally caused the injury to the child. It not only fails in this respect, but does not even aver any actionable negli-

[Alabama Great Southern Railroad Co. v. Shahan.]

gence. The defendant's servants had the right to cause the trespassing child to get off the train under proper conditions, and from aught appearing in the count, the conditions were not improper.—*Haley v. K. C., M. & B. R. R. Co.*, 113 Ala. 640. There was no .error in sustaining the demurrer to the count.

Affirmed.