[Chambers, Admx. v. Milner Coal & Railway Company.]

# Chambers, Admx. *v.* Milner Coal & Railway Company.

*Action for Damages for Negligence, Causing Death.*

1. *Pleading; who is plaintiff.*—In an action by the administratrix of an intestate, the word "plaintiff," when used in the pleading, refers to the administratrix, and not to the intestate.

2. *Pleading; error without injury.*—The overruling of a demurrer to pleas, if error, is error without injury, where the plaintiff gets the full benefit of the principle of law claimed in the demurrer, under the general charge of the court.

3. *Damages; contributory negligence by young child.*—It is a question for the jury to decide, whether a child ten years of age has sufficient discretion to be guilty of contributory negligence.

4. *Same; negligence; combustible material.*—It is no more negligent to leave explosives, which have become so damaged as to be non-explosive and merely combustible, in an open, unguarded house, than it is to leave hay in such manner.

5. *Same; explosives; negligence; nuisance.*—Keeping explosives in large quantities, in the vicinity of dwellings or places of business, is ordinarily a nuisance, and whether so, or not, depends on the locality, the quantity, and surrounding circumstances. But negligence in the manner of keeping, or in keeping large quantities, is requisite to impose a liability in damages occasioned by an accidental explosion or fire, which it is incumbent on the party affirming to prove.

6. *Same; contributory negligence; trespassers.*—Although the age of a child may be important in determining the question of contributory negligence, or the duty of the company after discovering him, it is, in general, no more bound to keep its premises safe for children, who are trespassers, or bare licensees not invited or enticed by it, than it is to keep them safe for adults. Ordinarily, a man who is using his property in a public place is not obliged to employ a special guard to protect it from the intrusion of children, merely because an intruding child may be injured by it.

7. *Appeal; charge of court; bill of exceptions.*—A charge of the court, which is not set out in the bill of exceptions, will not be regarded on appeal.

[Chambers, Admx. v. Milner Coal & Railway Company.]

APPEAL from Circuit Court of Jefferson.

Tried before Hon. A. A. COLEMAN.

This action was brought by E. C. Chambers, as administratrix of the estate of Samuel A. Paschal deceased, and sought to recover damages for the death of the intestate, who was alleged to have been a child of ten years of age. The complaint contained originally, two counts, the first alleging simple negligence of the defendant in keeping a dangerous quantity of powder in an open, unguarded magazine, near a road in the neighborhood of the deceased, which was passed daily by a large number of people. It further alleged that the defendant knew, or should have known, that children would be attracted to the magazine. That the intestate was so attracted, and lost his life by reason of an explosion of the powder in the magazine. The second count based the claim upon the wilful, wanton or intentional negligence of the defendant. To the original complaint, the defendant filed four pleas, the first being the general issue, and the others, contributory negligence. Afterwards, the plaintiff amended her complaint by adding a third count, which was similar to the first count, except that the death of her intestate was alleged to have been caused by the ignition and explosion or burning of the powder. The defendant put in no pleas purporting to answer the complaint as amended, but for answer to the third count, interposed the same pleas as had been filed to the original complaint, and a further plea, numbered (2) in the record, setting up that the magazine was on the private property of defendant and owned exclusively by it; that the defendant was a trespasser thereon, and the powder was ignited by the intestate, or by a companion with his knowledge and co-operation. It, at the same time, filed separate pleas to the first and second counts of the complaint, being the same as filed to the original complaint, with an additional plea, numbered (5), which additional plea was identical with that filed to the third count of the complaint. Demurrers were interposed by the plaintiff, the substance of which is shown by the opinion. After demurring to the 2nd, 3rd and 4th pleas, as noted in the opinion, the plaintiff demurred to the 2nd

3rd, 4th and 5th pleas to the first and second counts of the plea, wherein she put in the same grounds as before submitted, except that the words "plaintiff's intestate" were used in place of the word "plaintiff."

The testimony tended to show that the deceased, Sam Paschal, was about ten years of age; that, when injured, he was playing with a companion of about thirteen years of age, at the magazine of the defendant. The door of the magazine was open, and Sam Paschal suggested that they get some of the powder and see if it would burn. They did so, and the powder burned without exploding, and set fire to other powder in the magazine, which set fire to the clothing of the deceased, from the effects of which he died that night. It was shown that, some time before, the powder had been so damaged from an overflow from an adjacent creek, that it was non-explosive, and merely combustible. There was much evidence bearing on the mental capacity of the deceased. Any further facts necessary to an understanding of the opinion are shown thereby.

The court, at written request of the defendant, gave charges numbered and in words as follows: (3.) "If the jury believe the evidence, they cannot find a verdict for the plaintiff under the second count of the complaint." (5.) "If the jury believe from the evidence that Sam Paschal was of sufficient intelligence to know and appreciate the danger from a powder explosion, or the danger that would result from setting fire to this powder, and that, if set fire to, it was likely to cause death, then you must find a verdict for the defendant." (7.) "The defendant had the right to store this powder in the magazine, and keep it there, and there was no absolute duty resting on it to keep it locked or guarded from access by children or others, unless the situation and surroundings would reasonably indicate to an ordinarily prudent person in charge of such magazine, that it might be tampered with and ignited so as to cause injury to children or others. The duty of the defendant in this regard depends entirely on the surrounding circumstances which may be in evidence, and of this, the jury are the judges." There was judgment for the defendant, from which the plaintiff takes this appeal.

17s

JOHN W. TOMLINSON, for appellant.—The special pleas of contributory negligence, failing to aver capacity on the part of the child, were defective, and the demurrer thereto should have been sustained.—*Pratt Coal & Iron Co. v. Brawley,* 83 Ala. 370.

The principle that improperly sustaining a demurrer to a special plea is error without injury, when the record shows that the defendant had the benefit of the same defense under the general issue, does not apply to the erroneous overruling of a demurrer to a special plea, where the plaintiff is compelled to take issue on it.—*Montgomery & Eufaula R. R. v. Chambers,* 79 Ala. 338;*Cox v. Columbus & Western R. R. Co.,* 91 Ala. 392.

It is for the jury to determine what degree of care and prudence may be reasonably expected from a child of tender years, from all the evidence of his capacity and the facts of the case on trial.—*Thompson on Neg. sec* 1430; *Consol. City & C. P. R. R. Co. v. Carson,* 7 A. & E. R. Cases, (n. s.), 274; *Mouton v. L. & N. R. R. Co.,* 128 Ala. 538.

JAMES WEATHERLY, for appellee.—The averments in the pleas of contributory negligence, that the intestate negligently contributed to his injury, necessarily involves the allegation that he had sufficient intelligence to have negligence attributed to him. Moreover, the oral charge of the court gave the plaintiff full benefit of the law upon the subject, and the error in question, if error at all, was error without injury.—*Thomas v. Drennen,* 112 Ala. 670-674; *Martin v. Butler,* 111 Ala. 422; *Fireman Ins. Co. v. McMahon,* 29 Ala. 147-162.

The mere fact of storing this powder, especially in the damaged condition the evidence showed it to be, did not constitute a nuisance *per se,* and whether or not the defendant could be made liable for damage from its ignition or explosion would depend upon the circumstances and the degree of care shown in storing and guarding it.—*Kinney v. Koopman,* 116 Ala. 310. And the fact that the intestate was under fourteen years of age does not alter the case.—*Ryan v. Towar,* 55 Law Rep. Ann. 310; *Jefferson v. B'ham. R. & E. Co.,* 116 Ala.

294-300. It was no more negligent to leave this powder unguarded in its non-explosive condition, than it would be to leave straw or hay under similar circumstances. *Ryan v. Towar, supra.*

SIMPSON, J.—This was an action for the death of a boy, about ten years of age, caused by the explosion, or burning, of powder in a magazine.

The 2nd, 3rd and 4th pleas set up the defense of contributory negligence in the intestate, and demurrers were interposed to said pleas, assigning, among other causes, "That it is not averred that the plaintiff had sufficient discretion," etc., and "That the plaintiff was about the age of ten," etc., and in each cause of demurrer refers to the "plaintiff." As the plaintiff, in this case, is E. C. Chambers, as administratrix, and there was no necessity of any such allegations as to her, the demurrers were properly overruled.

The overruling of the demurrer to pleas 2, 3, 4 and 5, to the first and second counts of the complaint, was error without injury, as the plaintiff got the full benefit of the principle claimed, as to the necessity of alleging and proving the requisite intelligence of the child, before it could be guilty of contributory negligence, in the charge of the court. As to the demurrer to the "Fifth plea of defendant to 2nd and 3rd counts of the complaint as amended" we do not find any such plea in the record, and, at any rate, the only 5th plea, which is in the record, contains a correct statement of the law.

Taking up the exceptions to the action of the court in giving charges at the request of the defendant, in the order presented in appellant's brief, charge No. 5, requested by defendant, was properly given. If an adult had acted as plaintiff's intestate did, he would certainly have been guilty of contributory negligence, and the charge simply left it to the jury to determine whether or not the said intestate was possessed of sufficient intelligence to be guilty of contributory negligence.

There was no error in giving charge No. 3, requested by defendant. In addition to the fact that plaintiff had taken issue on the plea of contributory negligence to the second count of the complaint, there is no evidence

that "Said defendant wilfully, wantonly, or intentionally, and, with a reckless disregard of human life, left said magazine open and unguarded with a dangerous amount of powder therein and thereabout." The magazine was built of brick and stone, in the woods, not in any populous community. The evidence does not show that any great number of people ever passed by it. The road was from 50 to 75 yards away, according to estimate, and 150 yards by measurement, while a path which passed within 6 feet of it was seldom traveled. No reason is shown why children should wander there more than to any other place in the woods. The powder that was in it was caked, from having been overflowed by the creek, and, when set on fire this time, merely burned slowly without exploding, and the child's clothes caught fire, because he was standing in the door. The same accident would be just as likely to occur in the barn filled with hay, under the same conditions. So that the powder in this place was merely combustible and not a dangerous explosive.

The appellant, in his brief, next claimed that the court erred in giving charge No. 6, requested by defendant, but there is no assignment of error as to charge 6, nor do we find any charge in the record.

There was no error in giving charge No. 7, requested by defendant. It has been held by this Court and others and is consonant with reason, that, while it is true that "Keeping explosive substances in large quantities in the vicinity of dwelling houses or places of business is ordinarily regarded as a nuisance," yet the opinion goes on to state "Whether so or not being dependent on the locality, the quantity, and the surrounding circumstances. But negligence, or want of ordinary care, in the manner of keeping, or in keeping large quantities, is requisite, to impose a liability to answer in damages occasioned by an accidental explosion or fire, which it is encumbent on the party affirming to prove."—*Cook v. Anderson*, 85 Ala. 105; *Collins v. A. G. S. R. R.*, 104 Ala. 391, 398.

And again, in a case where this Court failed to sustain an action against a street car company, in behalf of a child, under the age of seven, because the care were not

[Chambers, Admx. v. Milner Coal & Railway Company.]

sufficiently guarded to prevent a trespassing child from getting on and off the same, the Court quotes with approval, from Elliott on Railroads, § 1259, "That, although the age of the child may be important in determining the question of contributory negligence, or the duty of the company after discovering him, the company is, in general, no more bound to keep its premises safe for children who are trespassers, or bare licensees, not invited or enticed by it, than it is to keep them safe for adults," and this Court goes on to say, "Ordinarily a man who is using his property in a public place is not obliged to employ a special guard to protect it from the intrusion of children, merely because an intruding child may be injured by it."—*Jefferson v. Birmingham Ry. Elec. Co.*, 116 Ala. 294; see also *N. C. & St. L. Ry. v. Harris,* in MS.

The storing of large quantities of gun powder or dynamite in a wooden building within the corporate limits of a thickly settled town, and in proximity to many buildings, constitutes a nuisance, but if the explosives are not kept in such quantities, and at such a place and under such surrounding circumstances, there must be shown some special negligence in the manner of keeping them.—*Rudder v. Koopman,* 116 Ala. 332.

In the strongest case, in favor of the liability of the owner of premises for injury to a child, which has come to our notice, the child was the son of a tenant, who had a right to go over the premises, and the dangerous explosive was a dynamite exploder, which any one might mistake for a harmless article which was left in the middle of the field under a shed, to which the laborers resorted in case of storm.—*Powers v. Harlow,* 53 Mich. 507.

In the present case the magazine being situated and conditioned as before stated on private premises not really containing an explosive, charge No. 7 was certainly not too favorable to the defendant.

The charge mentioned as having been requested by the plaintiff, and refused, does not appear in the bill of exceptions, hence, under the repeated rulings of this Court, cannot be considered.

[Kansas City, Memphis & Birmingham R. R. Co. v. Butler.]

For reasons hereinbefore stated, there was no error in the refusal of the court to grant the motion for a new trial.

The judgment of the court is affirmed.

MCCLELLAN, C. J., HARALSON, TYSON and ANDERSON, J.J., concurring.