# Republic Iron & Steel Co. *v.* Woody.

## *Injury to Servant.*

(Decided January 11, 1912.  57 South. 441.)

1. *Master and Servant; Injury to Servant; Instructing and Warning; Master's Duty.*—Where an inexperienced servant had nothing to do with loading pots of molten metal, and was only engaged in coupling the metal cars together, and unloading them, his employer was not bound to instruct him as to the proper method of loading the pots so that he would be enabled to discover whether they were negligently loaded.

2. *Same; Assumption of Risk; Negligence of Fellow Servant.*—Although a minor is inexperienced as a servant, he assumes a risk of injury from the negligence of fellow servants as well as other dangers necessarily incident to his employment.

3. *Same; Action; Variance.*—Where the negligence alleged was in not warning plaintiff, an inexperienced servant as to the method of doing his work, such servant cannot recover by showing negligence in failing to warn · him against the negligence · of other employees in permitting water to get into the pots, thus causing them to explode.

APPEAL from Birmingham City Court.
Heard before Hon. C. W. FERGUSON.

40—174

[Republic Iron & Steel Co. v. Woody.]

Action by Mack Woody against the Republic Iron & Steel Company, for damages for injury suffered while in its employ. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Percy, Benners & Burr, for appellant. The question to Larue as to whether or not the dumping of molten metal was highly dangerous or comparatively safe, was improperly permitted.—*City of Anniston v. Ivey,* 151 Ala. 392; 22 S. C. 557; 35 South. 825; *L. & N. R. R. Co. v. Tegner,* 124 Ala. 593; *Tribet v. I. C.,* 13 South. 899; *Warden v. L. & N.,* 94 Ala. 277. There is no evidence from which the jury can infer that it was Black's duty to warn or instruct; his default must have been in the exercise of his superintendence to render defendant liable for such default.—*Smith v. Pioneer M. & M. Co.,* 144 Ala. 265; *Sloss-S. S. & I. Co. v. Green,* 159 Ala. 178. On these authorities, it is insisted that there was a variance between the allegation and the proof.

Bowman, Harsh & Beddow, for appellee. Larue was shown to be an expert, and therefore, competent to give his opinion as to the facts asked for in the question.— *McNamara v. Logan,* 100 Ala. 197; *Woodstock I. Wks. v. Kline,* 149 Ala. 392; *Ala. R. R. Co. v. Shea,* 142 Ala. 127; *Ala. C. C. & I. Co. v. Heald,* 53 South. 168. Counsel discuss cases cited by appellant and conclude that they are without application. There was no variance, and the court properly submitted the question to the jury.—*Williamson I. Co. v. McQueen,* 144 Ala. 274; *Sloss-S. S. & I. Co. v. Austell,* 161 Ala. 419; *K. C. M. & B. v. Burton,* 97 Ala. 240; *Roche v. Lowell Bleechery,* 181 Mass. 481.

SAYRE, J.—All other counts of the complaint having been eliminated, the court submitted the case to the jury on the issues made by the second, fifth, eighth, and ninth counts, defendant's general denial, and the plea of the statute of limitation, about which last no question is raised on this appeal. The case proceeded in all the aspects presented by these counts upon the alleged negligence of one Black while in the exercise of superintendence Variations in the counts need not be noticed, for the gist of all of them is that defendant's superintendent failed to warn or instruct plaintiff, who was young and inexperienced, in reference to the danger of the business in which he was engaged.

Conceding that everything else was proved according to plaintiff's contention, we are unable to see that any instruction in reference to the nature of the business in which he engaged and which defendant's superintendent was in duty bound to give would have helped plaintiff to avoid the casualty which caused his hurt; that is to say, the failure to instruct does not appear to have had any causal connection with plaintiff's injury. In some respects the facts were not clearly developed, but, as we read the record, they were as follows: Plaintiff had been employed for two or three years as a common laborer about defendant's furnace. A few days before his injury he had been put to work at dumping slag, a work he had not previously done. At the furnace molten slag was poured into hot-pots, and carried thence to the dump, which was about a mile away. These hot-pots were small cars made of steel and drawn by a small locomotive. At the dump, doors, said by the witness to be about 12 inches in diameter, were opened, and the slag flowed out upon the dump. Plaintiff, standing upon the ground or dump, as we gather, was engaged in an effort to open the door of a hot-pot by knocking

up the latch with an iron bar, when the hot-pot exploded; that is, there was a sudden and violent upheaval of the contents, some of which was thrown over the side of the hot-pot, falling upon plaintiff, whereby he was severely burned. There is no room for an inference that the effort to open the door could have been made in a safer way. The only explanation—and it is accepted as the only hypothesis which would exclude the theory of inevitable accident—is that it was caused by steam which had been generated under the slag from water which may have been negligently left in the hot-pot when it was loaded. It is to be inferred that after hot-pots were unloaded, and before they were returned to the furnace to be reloaded, they were wetted or washed to cool or clean them. So far as the evidence shows, plaintiff had nothing to do with loading the hot-pots. He states that his business was to couple hot-pots, throw switches, and dump slag. Other persons appear to have had charge of the loading. Nothing appeared in the evidence, all of which is stated in the bill of exceptions, tending to show a case more favorable to plaintiff's recovery.

The master's obligation is to give his inexperienced servant such instructions in regard to the latent dangers of his employment, if we may so speak of those dangers which an inexperienced employee may be presumed not to appreciate, as will enable him to avoid, as far as due care may, injury while in the performance of the duties assigned to him. The master is not required to forewarn or instruct his servant in respect to special dangers which cannot arise without negligence on the part of fellow servants.—1 Labatt, § 236. By accepting his employment a servant, though a minor and inexperienced, assumes the risk of injury from the negligence of fellow servants and those dangers neces-

sarily incident to the service.—*Moss v. Mosely,* 148 Ala. 168, 41 South. 1012. On the facts stated, and they are without conflict, plaintiff had no duty to perform in connection with loading the hot-pot. His inexperience was no reason why defendant should have instructed him as to the proper and safe method of loading hot-pots; but plaintiff's injury must be attributed to negligence, if negligence there was, in loading the hot-pot, rather than to the failure to instruct plaintiff in respect to the method of performing the duties assigned to him.

Nor can defendant's liability be worked out on the theory that the superintendent, Black, was negligent in failing to warn plaintiff of the fact that the particular hot-pot had been negligently loaded, and that there was danger that it might explode. This, on these considerations: Black had nothing to do immediately with loading slag into hot-pots. That was committed to the care of others. Nor did he know that the particular hot-pot had been negligently loaded. Or, if plaintiff would push the inquiry one step further back and beyond the negligence involved in loading the hot-pot, then, conceding that the conflict between plaintiff's testimony and that of Black was such as to make it a question for the jury whether Black had anything to do with the wetting, washing, or cooling of hot-pots in general, it seems clear on the uncontradicted testimony that he had no knowledge of the fact that water had been left in this hot-pot when it was washed or cooled, or that it contained water when loaded. And so the appellee, seeking to sustain his recovery on the complaint as he framed it, appears to appreciate the fact that his version of the proof relegates him to the proposition that Black in the exercise of the superintendence committed to him ought to have warned plaintiff of a

fact of which he had no knowledge. He meets the situation by saying that Black ought to have known. It would seem anomalous to hold that defendant's superintendent should warn plaintiff of his (superintendent's) mere inadvertence or previous negligence. But, without denying defendant's liability on the facts contended for by plaintiff, we think a necessary principle of judicial administration intervenes to prevent his recovery on those counts which the trial court submitted to the jury. The case on which plaintiff was permitted to have judgment was not the case declared upon. Certainly the duty to give notice of whatever negligence there may have been in having water in the hot-pot, if it existed at all, existed in the case of all employees who might be exposed to the danger created by the manner in which the hot-pot was loaded or prepared for loading, and was not in the least affected by the fact that plaintiff was young and inexperienced. In other words, defendant, if responsible at all for any simple negligence of its superintendent, Black, was responsible for his omission to see that the hot-pot was in a fit condition to be loaded, not for his failure to instruct plaintiff in reference to the general dangers of his employment or to warn plaintiff, not indeed that he (Black) had in fact by his negligence made it dangerous for the plaintiff to be near the hot-pot, but that he (Black) did not know whether the hot-pot had been left in proper condition for loading, and that, therefore, there was a possibility that some other employee may have been guilty of negligence which would render plaintiff's presence near the hot-pot dangerous. But, assuming for the moment there was merit in this involved theory of law and fact, there was no intimation of it in the counts upon which the jury was permitted to pass. Those counts proceeded upon a different theory, simple

[Birmingham Railway, Light & Power Co. v. Fuqua.]

enough, but not supported by the evidence. The trial court did not observe these principles in ruling on the admission of testimony and in refusing to instruct the jury as requested by the defendant, and we are of opinion that, on the record as it now stands, the judgment ought to be reversed. Possibly on another trial the case may be differently presented.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.