# Montgomery Cotton Mills *v.* Bowdoin.

*Employee's Personal Injury Action.*

(Decided April 18, 1912.  58 South. 732.)

1. *Master and Servant; Injury; Duty; Safe Place.*—The duty of a master to furnish his employes with a safe place in which to work has no reference to places at or about which the employe has no business to be.

2. *Same; Duty to Warn.*—The duty of an employer to warn and instruct an employe is only to give him such warning or instruction as is reasonably necessitated by his youth, inexperience, or want of capacity, and such as will enable him, with the exer-

[Montgomery Cotton Mills v. Bowdoin.]

cise of reasonable care on his part to perform the duties of his employment with reasonable safety to himself.

3. *Same; Infant Employe; Negligence.*—Where a child employe was wandering about in a part of the mill where his duties did not call him, and in the temporary absence of its operator, stopped at a machine in operation which could not be operated with a guard on it, and putting his hand thereon was injured, the master is not liable on the theory of negligence in leaving the machine exposed and unguarded at a place where children might be expected to handle it without let or hindrance.

4. *Same; Negligence of Fellow Servant.*—If the master was not negligent in the original employment of the fellow servant of an infant employe, or was not negligent in retaining him in charge of the machine, then the master is not liable for any negligence of such fellow servant in leaving for a few moments the machine he was operating, while an infant employe, wandering through the building, was standing near it.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by B. F. Bowdoin, by next friend, against the Montgomery Cotton Mills for personal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Charge 1, referred to, is as follows: "I charge you, gentlemen of the jury, that, if you believe the evidence in this case, you cannot find for the plaintiff."

STEINER, CRUM & WEIL, for appellant. Where a complaint does not state a cause of action and will not support a judgment, a judgment rendered thereon will be reversed.—*Christy, et al. v. Patton,* 148 Ala. 324; *Trott v. Birmingham,* 144 Ala. 383; *Bryant v. So. Ry. Co.,* 137 Ala. 488; *Linan v. Jones,* 134 Ala. 570. The complaint is based not only on the Employer's Liability Act, but on the common law liability of the master, and the only theory that plaintiff may hope to recover under is to induce the court to hold that the doctrine of the turn table cases is analagous and applicable here. The leading case on that subject has been criticised in the following cases.—*W. Ry. v. Mutch,* 97 Ala. 198; *Thompson B. &*

*O.,* 67 Atl. 768; *Delaware R. R. Co. v. Reich,* 61 N. J. L. 635. Under the facts in this case, it would seem that the defendant was entitled to the affirmative charge.— Dresser, sec. 99; *Sheffield v. Morton,* 49 South. 772; *Chambers v. Milner R. R. Co.,* 39 South. 171; *Studer v. So. Pac.,* 66 Am. St. Rep. 39; *Jefferson v. B. R. & E. Co.,* 116 Ala. 294; *White v. Witteman,* 30 N. E. 236. Counsel discuss other assignments of error, not necessary to be here set out.

TYSON, WILSON & MARTIN, and HILL, HILL, WHITING & STERN, for appellee. The law justly imposes upon every operator of a dangerous machine, the duty to guard the machine or to protect all children who are likely to be attracted by these machines from the dangers thereof.—*A. G. S. v. Crocker,* 131 Ala. 584; *Barnes v. Shreveport C. R. Co.,* 49 Am. St. Rep. 416 and note; *Cook v. Houston D. N. Co.,* 18 Am. St. Rep. 52; *Gilson v. Delaware C. Co.,* 36 Am. St. Rep. 835; *Biggs v. Consolidated Co.,* 44 L. R. A. 655. There is nothing in the plaintiff's case to take it out of the general rule that children under fourteen years of age are prima facie infants, presumed to be incapable of negligence.—*Tutwiler C. C. & I. Co. v. Enslen,* 129 Ala. 336. Hence, the court properly refused the charges requested by defendant.

WALKER, P. J.—This was an action by the plaintiff (the appellee here) to recover damages for personal injuries sustained by him in consequence of his being caught between the rollers of a machine called a "slasher" in his attempt to handle that machine while it was in operation. At the time the injury was received, the plaintiff was a boy between 13 and 14 years of age, and was an employee in the defendant's cotton mill. The

evidence was in sharp conflict as to the circumstances under which the plaintiff was hurt. His right to a recovery rests upon the version of the occurrence given in his own testimony, in substance as follows: He was employed on the first or ground floor of the mill as a "doffer;" his duties being to take full bobbins off the spindles and replace them with empty ones. On the day of the injury he went up to the second story of the mill building and to where the slasher was in operation; the machine being in the charge of a Mr. Wilson, another employee of the defendant. That machine was used to wind thread upon large cylinders, and was operated by pulleys and belts. While the plaintiff was standing by the machine, Wilson passed his hand over it and asked the plaintiff if he was going to be a "slasher man." Wilson left the machine for some purpose, and, there being then no one to guard it or to keep the plaintiff away from it, he attempted to pass his hand over the thread on the cylinders, as he had seen Wilson do, when he got it caught between the rollers, and his arm was badly torn and injured. The children employed about the mill, when not at work, were permitted to go wherever they pleased about the building. Empty bobbins were kept upstairs, and the plaintiff and other employees downstairs had frequently gone up there to get them. When he was not at work, he would walk around and look at the machinery. There was no rule of the company that he knew of prohibiting employees from going wherever they pleased about the building when not engaged at work. No one gave him instructions as to where he should and should not go. No one warned him of the dangers of the machinery. He did not know that the slasher was a dangerous machine. The evidence further showed without conflict that the plaintiff's duties did not require him to be near the slasher

or to be in any way exposed to danger incident to its operation, and that if a guard was put around the slasher it could not be operated. There was no evidence tending to show that on the occasion of the injury the plaintiff went upstairs for any purpose connected with the duties of his employment, that the place upstairs where empty bobbins were kept was near where the slasher was located, that that machine was on the route to or from such place, or that there was any negligence on the part of the defendant in the original employment or in the retention of Wilson, the employee, called the "slasher tender," to whom the charge and operation of the slasher were intrusted.

No claim is made in behalf of the plaintiff that the defendant is liable by reason of any default by a coemployee of the plaintiff for which the employer is made liable by the employer's liability statute. Whatever liability it may have incurred must have resulted from a breach of some duty it was owing to the plaintiff independent of any statute. As it bore to the plaintiff the relation of employer to employee, this fact suggests the inquiry whether the injury complained of can be attributed to a breach of any duty imposed upon the employer as a result of the existence of that relationship. And as it appears that the plaintiff was injured in the mill of his employer, and by coming into contact with a machine of the danger of which he had not been instructed or warned, though, by reason of his immature years and inexperience, he was ignorant of, or unable to appreciate, the peril involved in handling that machine while it was in operation, the question arises whether, under the evidence, the injury complained of could be attributed to the nonperformance by the defendant of the duties imposed upon it as an employer of furnishing the employee a safe place in which to work

[Montgomery Cotton Mills v. Bowdoin.]

and of instructing and warning him as to dangers to which he may be exposed. A negative answer to this question is required by the facts, plainly appearing from the above recital of the evidence upon which the plaintiff must rely, that the injury occurred at a place at which, though it was on the premises of the employer, the employee was not required or expected by the employer to be either while engaged in the work to which he was assigned or while going to or from such work; and that any danger involved in his handling the machine at which he was hurt was not a danger in any way incident to the work in and for which he was employed or in which he was engaged when and where he was hurt. The duty of an employer to furnish his employee a safe place at which to do his work has no reference to places owned or controlled by the employer at or about which the employee has no business to be.—*Geis v. Tennessee Coal, Iron & R. Co.,* 143 Ala. 299, 39 South. 301; *Virginia Bridge & Iron Co. v. Jordan,* 143 Ala. 603, 42 South. 73, 5 Ann. Cas. 709; 26 Cyc. 1097. And the scope of an employer's duty to warn or instruct such an employee as the evidence shows the plaintiff was is to give him such warning or instruction as is reasonably required by his youth, inexperience, or want of capacity, and as will enable him, with the exercise of reasonable care, to perform the duties of his employment with reasonable safety to himself.—*Williams v. South & North Ala. R. Co.,* 91 Ala. 635, 9 South. 77; *Alabama Mineral R. Co. v. Marcus,* 128 Ala. 355, 30 South. 679; *Moss v. Mosely,* 148 Ala. 168, 41 South. 1012; *Reaves v. Anniston Knitting Mills,* 154 Ala. 565, 45 South. 702; *Republic Iron & Steel Co. v. Woody,* 174 Ala. ___, 57 South. 441; 26 Cyc. 1176.

The effort to hold the defendant liable for the injury complained of seems to be based principally, not upon

the claim that it was guilty of a breach of duty owing to plaintiff solely or primarily because of its relation to him as his employer, but upon the contention that the evidence shows that the injury proximately resulted from the kind of negligence on the part of the defendant which has had its most notable judicial recognition and development in what are known as "turntable cases." Those rulings are to the effect that the leaving of a railroad turntable unguarded and unlocked in a place accessible to children renders the railroad company liable for resulting injuries to them.—*Barnes v. Shreveport City R. Co.,* 49 Am. St. Rep. 400, note; 29 Cyc. 463. They have been followed in this state.—*Alabama Great Southern R. Co. v. Crocker,* 131 Ala. 584, 31 South. 561. On the same grounds it is held that persons who leave unguarded any dangerous machinery, appliances, or instrumentalities at a place to which children are likely to be attracted for sport or pastime, are held to be guilty of such negligence as will create liability for injuries inflicted on them by such machinery, instrumentalities, and appliances.—*Biggs v. Consolidated Barb-Wire Co.,* 60 Kan. 217, 56 Pac. 4, 44 L. R. A. 655; 29 Cyc. 464. The feature of such conduct which characterizes it as negligent is the invitation or temptation which it holds out to children who are without guidance or restraint to expose themselves to avoidable dangers. This is recognized in the decisions on the subject in other jurisdictions (*Barnes v. Shreveport City R. Co., supra,* note, page 419), and has been pointedly recognized in a case in this state in which the rule of liability in question was unsuccessfully invoked.—*Jefferson v. Birmingham Railway & Electric Co.,* 116 Ala. 294, 22 South. 546, 38 L. R. A. 457, 67 Am. St. Rep. 116. In that case the effort was to hold a street car company liable for an injury to a child resulting from

his having a chance to get on one of its cars while it was in operation. In the opinion stress was laid upon the fact that a street car, while being operated by employees intrusted with that duty, was not to be regarded as a dangerous object left without guard or attendant in a public place of common resort for children, or as standing upon the same footing as a railroad turntable left unlocked and unguarded at a place to which children are accustomed to resort. And the following statement as to one's right in using his property even in a public place was approvingly quoted: "Ordinarily, a man who is using his property in a public place is not obliged to employ a special guard to protect it from the intrusion of children, merely because an intruding child may be injured by it." The same statement was again quoted in a somewhat similar connection in the opinion in the case of *Chambers, Adm'r, v. Milner Coal & Ry. Co.,* 143 Ala. 255, 39 South. 170. The case at bar differs in material aspects from the class of cases in which the rule of liability in question has been successfully invoked. The defendant's slasher machine was not left exposed and unguarded at a place where children might be expected to have a chance to play with or handle it. It was located on an upper floor of the defendant's mill, was a part of a manufacturing plant in regular operation, and was under the immediate charge of an employee intrusted with its management and control. Furthermore, the evidence without conflict showed that if a guard was put around the machine it could not be operated. This being true, to require more of the defendant than the exercise of reasonable diligence in providing competent service for the management and supervision of the machine while it was in operation and a possible source of danger to any one practically would amount to denying its right to use it at all except at the

peril of having to answer in damages to any immature or irresponsible licensee on the premises who might find a chance to meddle with the machine at some time when the person in charge of it happened not to be watching. The evidence tends to show that the plaintiff received the injury complained of in an attempt to handle that machine during the temporary absence from it of the person who had it in charge; but it furnishes no support for an inference that the defendant was guilty of the negligence of leaving the machine exposed and unguarded at a place where children might be expected to handle it without let or hindrance. The evidence failed to show that the defendant was negligent in any respect in reference to its location of the machine, or in the provisions it made for its custody and operation. In other words, under the evidence, the defendant cannot be charged with the negligence sought to be imputed to it.

If any one other than the plaintiff himself was chargeable with responsibility for the injury he received, it was his co-employee, Wilson, the "slasher tender," in failing to continue to stand guard over the machine so long as the plaintiff was about it. In the absence of any evidence of negligence of the defendant either in its original employment of Wilson or in retaining him in the charge of that machine and its operation, it is not liable to the plaintiff for such negligence on the part of his co-employee.—*Moss v. Mosely,* 148 Ala. 168, 186, 41 South. 1012.

It follows, from what has been said, that, under the evidence, the plaintiff was not entitled to recover, and that the court was in error in refusing to give charge 1 requested by the defendant.

Reversed and remanded.