# Pioneer Mining & Mfg. Co. *v.* Talley.

*Action for Damages for Injury to Employe.*

(Decided Feb. 14, 1907. 43 South. 800.)

1. *Master and Servant; Injury to Servant.*—If the servant is injured in a place where he has no right to be, or if he leaves the place of his employment for some private purpose and not on the master's business, and is injured, he has no cause of action against the master.

2. *Same; Assumption of Risk.*—Where the servant leaves the place of his employment on his own private business, and goes to another part of the master's premises, he assumes the risk of the route voluntarily selected by him and cannot recover for injuries there received.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES H. FERGUSON.

Action by Melville M. Talley against the Pioneer Mining & Mfg. Co., for damages for injuries received while out of the place of his employment on his own private business, and at another point on the premises of the master. Complaint was drawn under Employer's Liability Act. There was judgment for plaintiff and defendant appeals. Reversed and remanded.

CAMPBELL & WALKER, for appellant. Plaintiff was no more than a licensee at the place where the accident occurred.—*M. & E. R. R. Co. v. Thompson*, 77 Ala. 448; *McAuley v. T. C. & I. R. R. Co.*, 93 Ala. 356; Dresser p. 368. The court below should have given the affirmative charge for the defendant.—*Thomas' Case*, 133 Ala. 297; *Geis v. Tenn Co.*, 39 South. 301; Dresser, parag. 104.

BOWMAN, HARSH & BEDDOW, for appellant. In support of the action of the trial court in leaving it to the jury to determine the liability of the defendant on account of the falling of the roof in the dip entry we cite the following: *Bir. Rolling Mills Co. v. Rockhold*, 143 Ala. 115; *Bertha Zinc Co.*, 70 L. R. A. 999; *Moore v. Pickering Co.*, 29 South. 999; *Broderick v. Detroit, etc., Co.*, 56 Mich. 261; *B. & O. R. R. Co. v. Spaulding*, 21 Ind. App. 323; 63 Fed. 161; 19 Ont. App. Rep. 117; 2 Lebatt M. & S. p. 1840.

HARALSON, J.—The defendant's contention, and the one on which he relies to show that the affirmative

charge should have been given for the defendant is, that the plaintiff left his place of business at what was called the eighth east cross entry in the mine, and went of his own accord to what was called the dip entry adjoining which McAvoy and Baker were driving, and while there, received the injuries of which he complains, by the falling of draw slate from the roof or ceiling of the mine in this dip entry. The evidence was in conflict, as to whether it was the duty of the company or of its employes, McAvoy and Baker, to see that the draw slate from the roof was pulled down at the point where it fell and injured the plaintiff.

The plaintiff and a man by the name of Cowden were driving this cross entry. The men worked in these entries in pairs of two.

It must be conceded, as contended by defendant's counsel, that when the plaintiff is injured in a place where he has no right to be, or if he goes out of his employment for some private purpose, and not on his employer's business, he has no cause of action against his employer. That seems to be the well established rule.— Dresser, Employer's Liability, section 104.

To lend their working implements to each other, with which the laborers were to furnish themselves at their own expense, and with which the defendant had nothing to do, and was not to furnish, was a habit or custom as appears, indulged by those working in the mine, for their own convenience.

The complaint, in each count, was for a recovery for injuries received by plaintiff, as an employe of defendant, while engaged in and about the business of the master. There is no count for liability of defendant, for plaintiff's injuries, suffered by him in the mine while there by invitation of defendant.

The evidence is lacking to show that the plaintiff was in the mine, at the time of his injury, as an employe of defendant under any contract with it to that end, but was there, construing the conditions most strongly against the plaintiff, by invitation of defendant. The evidence shows, without conflict, that plaintiff, at the time he was injured, had gone from his place of work in the entry, to another entry or place of work of other persons in the employment of defendant, to reclaim and get his own tools, that he had loaned to such other persons. He was thus engaged in his own business, and not on that of the defendant. When he did this, leaving his own place of labor, for the purposes specified, he assumed the risk incident to the route voluntarily selected by him.—*Geis v. T. C. I. & R. Co.,* 143 Ala. 303, 39 South. 301.

In *Ellsworth v. Metheney,* 104 Fed. 119, 44 C. C. A. 484, 51 L. R. A. 389, it was held that a coal miner going through a passage during the noon hour, to another part of the mine, to visit another workman, is not engaged in the performance of the duties of his employment, and while injured in thus acting, he could not hold the employer liable. The court said: "He was not engaged in the business of his employment at the time of the injury, but came to his death during the noon hour, while returning from a visit undertaken, upon his own volition, outside the part of the mine in which he was engaged."

In *Wright v. Rawson,* 52 Iowa, 329, 3 N. W. 106, 35 Am. Rep. 274, an employe in a coal mine left the room where he was at work, and went to another, according to custom, to visit some employes there at work, and while there, the roof fell in, by reasons of defects in it, and killed him, and it was held, that no action could be maintained against the employer therefor.—*Belford v.*

[Bessemer Coal, Iron & Land Company, et al. v. Doak.]

*The C. S. Co.,* 35 Hun. 347; *Kennedy v. Chase,* 119 Cal. 637.

In the cases referred to, there is a large number of cases collated, sustaining their correctness.

As before stated, the evidence is without conflict, that plaintiff left his own place and went voluntarily to another part of the mine, on business of his own, and not on that of the defendant.

Without considering other matters, it is sufficient to say, that the defendant was not liable for the injuries received, and the general charge, as requested, should have been given for defendant.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.

