[Walker v. Southern Railway Co.]

# Walker *v.* Southern Railway Co.

### *Damage for Injury to Servant.*

(Decided Nov. 22, 1910. 53 South. 994.)

1. *Master and Servant; Injury to Servant; Variance.*—Where the complaint alleged that plaintiff was injured while in the defendant's employ and engaged in the discharge of his duties it is not supported by proof that when plaintiff was injured he was using a car of the defendant in attending to his own private business.

2. *Appeal and Error; Harmless Error.*—Where the errors committed by the trial court do not pertain to or affect the point at issue, they are harmless and will not work a reversal.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by Columbus Walker against the Southern Railway Company for damages for personal injuries alleged to have been inflicted while in the course of his employment. Judgment for defendant and plaintiff appeals. Affirmed.

LEITH & GUNN, for appellant. The court erred in sustaining demurrer to count 5.—*Postal T. Co. v. Jones,* 133 Ala. 226; *Duncan v. S. L. & S. F. R. R. Co.,* 152 Ala. 119. The court erred in overruling demurrer to pleas 3 and 4.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575. The court erred in overruling demurrers to amended pleas 5 and 6.—Authorities supra. The court erred in giving the defendant the affirmative charge.—*So. Ry. Co. v. Shelton,* 136 Ala. 191; *Ensley Ry. Co. v. Chewning,* 93 Ala. 24; *L. & N. v. Tammell,* 93 Ala. 350; *M. & O. v. Martin,* 131 Ala. 278.

BANKHEAD & BANKHEAD, for appellee. No brief reached the Reporter.

EVANS, J.—The opinion in this cause was prepared by Justice Denson, before his retirement as Associate Justice, and, having been adopted in consultation, it is here announced as the opinion of the court:

This is an action, by an employee against his employer, to recover damages alleged to have accrued to plaintiff on account of a personal injury suffered by him, as alleged in each count of the complaint, while plaintiff was "in the employ of the defendant and engaged in the discharge of his duties as such employee." While the proof shows that plaintiff was an employee of the defendant, it at the same time shows without conflict that, at the time plaintiff received the injuries complained of, he was not engaged in the discharge of any duty imposed upon him as an employee, but, to the contrary, was on his own business, and not on that of the defendant. In other words, plaintiff had obtained the consent of the superior to take the lever car, which plaintiff, as foreman of a section, used on his section, and to go to Oakman, on defendant's road, for the purpose of getting his (plaintiff's) checks for his labor performed during a previous month for the defendant, which checks had been properly sent to Oakman for delivery to the plaintiff.

Now, in this state of the pleading and proof, it is clear that whatever right the plaintiff might have had to maintain an action against the defendant, predicated upon the theory that he was on defendant's track as a licensee at the time the injury occurred, yet there is a fatal variance between the case alleged and that proved; and for this reason, without noticing others, the affirmative charge, with hypothesis, as it was requested by the defendant, was properly given.—*Pioneer M. & M. Co. v. Talley*, 152 Ala. 162, 43 South. 800, 12 L. R. A. (N. S.) 861; *A. G. S. R. Co. v. McWhorter*, 156

[Central of Georgia Ry. Co. v. Storrs]

Ala. 269, 47 South. 84, and cases cited in the opinions. It follows that, even though the court might have committed errors on the trial, yet, as none of them pertain to or affect the point at issue, the judgment must be affirmed.—*Mizzell v. Southern Railway Co.*, 132 Ala. 504, 31 South. 86.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.