## WRIGHT v. RAWSON.

1. **Master and Servant:** NEGLIGENCE: LINE OF DUTY. Plaintiff's intestate was engaged in mining coal in the mine of defendant. He left the room in which he was working and entered another to visit the occupants, and while there the roof gave way, by reason of the age and insufficiency of the props, causing his death: *Held*, that, not being engaged in the line of his duty at the time of the injury, he stood in the same relation to the defendant as a visitor to the mine, and could not complain of defendant's negligence.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 28.

ACTION to recover for injuries caused by the negligence of defendant, which resulted in the death of plaintiff's intestate. A demurrer to the petition was sustained, and judgment rendered thereon for defendant. Plaintiff appeals.

*B. A. Williams* and *Smith & Baylies*, for appellant.

*Barcroft, Given & McCaughan*, for appellee.

BECK, CH. J. The petition alleges that defendant is the owner of a coal mine, and is engaged in mining coal therein, and that plaintiff's intestate was employed as a miner by defendant. The petition then proceeds to set out the cause of action in the following words:

"That defendant and his superintendent knew that it was the custom of miners in said mine, and had been the custom from the time said mine was opened, when not actively engaged in work, to visit each other in their respective rooms.

"That with full knowledge of such custom defendant acquiesced in it, and thereby invited and permitted them so to do.

"That prior to said 15th of October, 1877, there was a room in said mine that had been, at one time, used by defendant for mining coal, but said room had been unused for about six months prior to said 15th of October, 1877, and during the time of such non-use the supports to the roof of said room

had become decayed and weakened, and the rock, slate and dirt composing the roof had become weakened and loosened, so that the same was defective and dangerous, and was well known to be defective and dangerous by defendant and his superintendent, on said 15th of October, 1877.

"That the defective and dangerous condition of said room was entirely unknown to said Samuel Wright.

"That on said 15th of October, and while said room and roof were in the dangerous and unsafe condition aforesaid, the defendant, by his superintendent, carelessly and negligently caused two of defendant's employes to go to work in said room digging coal, and thereby caused said Samuel Wright and other employes to believe that the said room, and the roof thereof, were safe and not dangerous to be used and occupied, and thereby invited and permitted the said Wright and other employes in said mine to go into said room, where two of defendant's employes were at work, as aforesaid, in accordance with their usual and known custom, and without warning the said Wright, in any manner, that the said room was dangerous to be occupied or entered.

"That on said 15th of October said Samuel Wright was at work for said defendant as a miner, in a room in said mine near to the said defective and dangerous room, when—about 11 o'clock of said day, and being at leisure for a few minutes, and knowing that miners were at work in said room, and not knowing its dangerous condition, and acting upon the aforesaid custom and the acquiescence of defendant, as aforesaid, therein, and relying upon defendant to keep said premises in a safe condition for use, entry and occupancy, as it was his duty to do—he, the said Wright, stepped out of the room where he was at work and into said dangerous room for the purpose of speaking to the men therein employed, and immediately after he had entered said room, owing to the dangerous and defective condition of the roof thereof, and the decayed and insufficient supports for the same, as aforesaid, four tons of rock, slate and dirt, composing the roof of said room, fell upon the said Samuel Wright, whereby he was instantly killed.

"That the death of said Wright, as aforesaid, was directly

·caused by the carelessness and negligence of defendant in permitting said roof to become loosened and weak, the props and supports thereof to become decayed and unsafe, and in causing his servants to occupy and use such room in such dangerous and unsafe condition, and in permitting, and by his conduct and acquiesence inviting, the deceased and others employed in said mine to use, occupy and enter said room, without adopting any rules to prevent them from being exposed to said danger, of which defendant had knowledge, and without warning them or said deceased of such danger."

The demurrer assails the petition on the grounds, among others, that " it shows the deceased was not, at the time of injury, in the line of his duty, in the service or employment of defendant," and " it does not show that defendant was charged with any care or diligence to protect persons visiting said room from danger of injury by the falling of the roof of said room."

1. MASTER and servant: negligence: line of employment.

In order to establish liability of defendant it must be made to appear that the intestate was in defendant's employment and in the proper discharge of duty, and that he did not voluntarily seek a place of danger. It cannot be claimed that defendant would be liable if the intestate had been a visitor to the mines, or had left his proper place and sought the dangerous room without thereby serving defendant or discharging any duty of his employment. When the accident happened it clearly appears that the intestate was not engaged in mining, which was his employment; that his proper place was not in the room where he was injured, but, on the contrary, he was a visitor there for his own pleasure or amusement. The intestate, not being engaged in his employment was in the same position of a visitor to the mine. As an employe, having voluntarily put himself in danger, he cannot· recover. *Doggett v. Ill. Cent. R. R. Co.*, 34 Iowa, 284.

The custom of miners to visit their fellow workmen, and the acquiescence of the defendant in such custom, cannot be regarded as an invitation for the workmen to leave their proper places and frequent dangerous parts of the mine at the risk of ·defendant.

The allegations of the petition do not present the case of a trap or concealed danger of which the defendant was bound to give notice. It is not shown that the dangers were not apparent, or could not have been seen by the intestate. There is, necessarily, some degree of danger in all mines, and such dangers are increased by the age of the supports of the roof and other causes. It is not shown that these dangers were concealed by defendant, and the intestate was induced or invited by defendant to expose himself thereto.

We conclude that the grounds of the demurrer which we have discussed were well taken, and the court correctly held the petition defective. The other objections raised by the demurrer need not be discussed.

AFFIRMED.