## LOVEJOY *v.* STATE.

### Opinion delivered June 13, 1896.

CRIMINAL LAW—INSTRUCTIONS—WEIGHT OF EVIDENCE.—An instruction in a larceny case that if the jury believe, "from a preponderance of the evidence," that defendant took the property under the honest belief that he was the owner, they should acquit, is erroneous, as the state must prove his guilty intent beyond a reasonable doubt.

Appeal from Prairie Circuit Court, Northern District.

JAMES S. THOMAS, Judge.

*J. P. Roberts*, for appellant.

1. There is a total want of proof to sustain the verdict. 34 Ark. 632; 47 *id.* 567; 57 *id.* 567.

2. The third instruction given by the court on its own motion is not the law. It throws the burden on defendant to show his innocence by a *preponderance* of the evidence. The court should have given the second and third asked by defendant. An honest purchase of property cannot be criminal by reason of the price paid. The non-consent of the owner taking the property is not shown, and it cannot be presumed or inferred. The alleged owner testified in the case, and circumstantial evidence cannot be resorted to to prove it. 12 Tex. App. 481; 44 Ark. 39; 14 Tex. App. 49; 12 Am. & Eng. Enc. Law, 838.

*E. B. Kinsworthy*, Attorney General, for appellee.

Appellant admitted that the cattle belonged to Wood, but claimed that he bought them from Conner, whom he thought to be the owner, and the burden was on him to show these facts, and the court properly so instructed the jury.

WOOD. J. The appellant was convicted of the larceny of two heifers. There was proof on behalf of the state to the effect that the heifers were the property of one Wood, and that appellant had taken same and sold them, appropriating the proceeds to his own use; and the state endeavored to show that appellant knew that the property belonged to another when he sold same. The appellant, on the other hand, contended that he sold the heifers in good faith, believing them to be his own; and he introduced proof tending to show that he had bought the heifers from one Conner, who claimed to own the same.

The court gave the following instruction, to which appellant excepted: "(3) You are further instructed that if you believe, from a preponderance of the evidence, that the defendant took the cattle under the honest belief that he was the owner of them by virtue of having bought them from another person, and if you believe that said defendant acted honestly and in good faith in the matter, then you would be authorized to find him not guilty, although you may believe that the seller was not the owner; and it would be for you to say, from all the facts and circumstances proved in the case, as to whether he acted honestly and in good faith in the transaction."

The court correctly charged the jury as to the material allegations of the indictment, one of them being "that the defendant took the property with the felonious intent to deprive the owner of the use of it," and the court also correctly charged the jury that these allegations must be established "beyond a reasonable doubt."

But the above instruction is in conflict with these. "Preponderance" and "reasonable doubt" are not synonymous terms. It is sufficient if the proof in the whole case raises a reasonable doubt as to whether the defendant took the cattle with a felonious intent. The state would not be justified in a conviction upon a preponderance of the evidence. Yet this instruction tells the jury "that, if they believe from a preponderance of the evidence that the defendant took the cattle under the honest belief that he was the owner," they should acquit. The converse would be, "If you do not believe from a preponderance of the evidence" that defendant took the cattle under the honest belief that he was the owner, etc., you should convict. The instruction makes the question of intent, which is the very essence of the crime charged, depend upon the preponderance of the evidence to establish it, whereas it must be established by the state beyond a reasonable doubt. It must not be forgotten that in criminal cases, under the plea of not guilty, every element in the crime is controverted, and the state must affirmatively prove guilt.

"It would," says Mr. Bishop, "be a wide departure from the humanity of the criminal law to compel a jury, by a technical rule, to convict one of whose guilt, upon the whole evidence, they had a reasonable doubt. And it would reverse the presumption of innocence to hold a defendant guilty unless, taking the burden on himself, he could affirmatively prove himself innocent. All evidence should be viewed in its entirety, not in detached parts. The whole of an alleged crime must be proved, just as the whole of it must have been committed. In reason, therefore, this whole and indivisible thing, the burden of proof, must be borne by the government throughout the trial." 1 Bish. Cr. Pro., sec. 1051.

It is only in those cases where the defendant either absolutely, or for the purposes of the trial, admits all

the allegations of the indictment, but sets up some special matter of defense, as license, pardon, *autrefois acquit* or *convict*, insanity, etc., that the burden is on him to maintain his defense by a preponderance. *McArthur* v. *State*, 59 Ark. 431; 1 Bish. Cr. Pro., sec. 1049; Whar. Cr. Ev. (8 Ed.), sec. 720.

The defendant asked the following among other instructions: "You are instructed that if you believe from the evidence that the defendant purchased the heifers mentioned in the indictment from one Conner in good faith, believing Conner to be the owner of them, or if you have a reasonable doubt as to whether his purchase from Conner was in good faith, believing him to be the owner, you will find the defendant not guilty." This was the law.

The refusal to give this, and the giving of the third, *supra*, was error, for which the judgment is reversed, and the cause remanded for a new trial.