## BROWN v. SHIRLEY HILL COAL COMPANY.

[No. 7,457.   Filed March 30, 1911.]

1. MASTER AND SERVANT.—Negligence.—Complaint.—Duty.—Facts. —A complaint by a servant against his master for negligence must set out the facts showing the violation by the master of a duty owing to the servant, to the servant's damage.  p. 355.

2. MASTER AND SERVANT.—Mines.—Safe Place.—Injury on Return from Obtaining Loaned Tool.—Complaint.—A complaint alleging that the plaintiff was injured by reason of the falling of loose stone from the roof of a coal mine at a time when he was returning from a fellow miner's room, whither he had gone to secure a loaned tool, is insufficient, since he was not in the line of duty at such time and place, but was on an errand for his own convenience.  pp. 355, 357.

3. MASTER AND SERVANT.—Safe Place.—Coal Mines.—Line of Duty. —The operator of a coal mine is required to furnish miners a reasonably safe place in which to work, but this duty extends only to the periods when such miners are engaged in the operator's business.  p. 357.

4. APPEAL.—Affirmance.—Right Result.—Minor Errors.—Where a judgment must be affirmed on the merits, alleged errors may be disregarded.  p. 359.

From Sullivan Circuit Court; Charles E. Henderson, Judge.

Action by Thomas Brown against the Shirley Hill Coal Company. From a judgment for defendant, plaintiff appeals. (For opinion on transfer from Supreme Court, see 173 Ind. 133.)  Affirmed.

Geo. W. Buff and W. P. Stratton, for appellant.

John T. Hays and Will H. Hays, for appellee.

IBACH, J.—Appellant brought this action against appellee in the Sullivan Circuit Court, to recover damages for injuries alleged to have been received by him while at work in appellee's mine. Appellee filed a demurrer to the

amended complaint, for the reason that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained. The only error assigned calls in question the action of the trial court in sustaining appellee's demurrer.

To hold this complaint sufficient it must appear, by proper averments, that appellee violated some duty which, at the time and place of the alleged injury, it owed to appellant, and which duty it had omitted to perform.

1. 

The general rule in such cases is that the pleader must, by positive averments, set out in his complaint the facts creating the duty which has not been performed, and from such facts the court will then determine, as a matter of law, whether such duty existed. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Malott* v. *Sample* (1905), 164 Ind. 645.

With this well-established rule in view, we will examine the complaint before us. So much of such pleading as described the place where appellant was assigned to work is as follows: "This plaintiff, under the direction of defendant, through John Quigley, who was then and there the mine boss of said defendant at said mine, was assigned to work in entries three and four south, off of a main west, in driving said entries three and four in turning the room necks thereof." The duty charged by appellant as owing to him by appellee is averred in the following language: "It was the duty of said defendant, through its mine boss, to see that all loose coal, rock and slate overhead and in the roof of said entries, including the room necks of said entries, where miners have to travel to and from their work, are taken down or carefully secured at times when miners are at work therein." It is also averred that it became and was the duty of said defendant, through its mine boss aforesaid, to see that as the miners advanced their work all loose coal, slate and rock overhead were taken down, or carefully secured against falling therein on the travel and air ways.

2.

The averment of the failure to perform such duty charged against appellee is as follows: "Appellee did not perform its duty in that behalf in this, to wit, that said defendant did not, through its mine boss or otherwise, see that all loose coal, slate and rock overhead, in excavations made in entries and room necks, where miners travel to and from their work, were taken down or carefully secured, but carelessly and negligently allowed and permitted a large piece of slate or rock, in the roof of one of the room necks of said entry four south of the main west entry to become loose, and liable to fall on any one passing thereunder, which said fact was unknown to this plaintiff, but was known to defendant."

Then also follows an allegation that the miners furnished their own tools, and when they were not immediately used they were kept back a safe distance from the face of the entries in break throughs and room necks. And finally, appellant avers that "a fellow miner, working in a room turned off of said entry four south, asked plaintiff for the use of his cartridge pin, and said he would return it to the breakthrough, which was located thirty-five or forty feet in the rear of the face of said entry three south; that said pin was not returned by said fellow miner to the breakthrough before it was needed by plaintiff in prosecuting the work he had been assigned to do, and which work could not be prosecuted without said pin; that from the face of said entry, where plaintiff and his coworker Turney were ready to load and shoot, plaintiff went back to the breakthrough to get said cartridge pin, and not finding it there passed out of entry four south, and started through said entry to the fourth room neck, and went into said room neck a distance of six or eight feet, obtained the pin, and started back to his work, which was some distance away, when a large piece of slate fell and injured him."

The complaint is fatally defective. There is no actionable negligence charged against appellee. There is no rule of pleading more firmly established than the one which re-

quires that in every charge of actionable negligence there must be an allegation of facts which shows a duty owing by the person charged to the injured person. It nowhere affirmatively appears by the facts averred that the injury for which this action is brought was received by appellant while engaged in his duties at the place where he was required to work; nor does it appear by direct averments that appellee owed appellant any duty to make safe the place where he avers he was injured. It does appear from the complaint, however, that the cartridge pin in question had been loaned by appellant of his own free will, to a fellow workman, and for the convenience of such fellow workman, to be used some distance from where appellant was at work.

The complaint further shows that the injuries which were received by appellant were received when returing from his journey to obtain the cartridge pin so loaned by him; that in so doing he was not engaged in the performance of any duty he owed to appellee by reason of his contract of employment, but instead was returning to the place of his labor after he had gone therefrom without any direction from, or even notice on the part of, appellee, and the purpose of his leaving his place of work was to recover the cartridge pin which he had loaned to accommodate some other workman in the mine.

Appellee in this cause was required to furnish appellant with a reasonably safe place in which to work, and to furnish him a reasonably safe passageway for ingress and egress; but this duty was limited to the premises where the employe was required to be to carry out the duties of his employment. This obligation did not extend to his protection outside of the place of his employment, and to a place where he was neither invited nor expected to go, and into which dangerous place he went solely on his own account.

A personal injury case very similar to this one was the case of *Pioneer Mining, etc., Co.* v. *Talley* (1907), 152 Ala.

162, 43 South. 800, 12 L. R. A. (N. S.) 861, in which
2.   an employe in a mine left his place of work and went
to another part of the mine to reclaim one of his
tools, and while so doing was injured by the falling of slate
from the roof of the portion of the mine to which he had
gone.   The complaint seems to have proceeded upon the
theory that when he was injured he was engaged in and
about the master's business.   There was a finding for plain-
tiff, but the supreme court of Alabama reversed it, and held
that the trial court erred in refusing to direct a verdict for
defendant.   The court said: "The evidence shows, without
conflict, that plaintiff at the time he was injured had gone
from his place of work in the entry to another entry or place
of work of other persons in the employment of defendant,
to reclaim and get his own tools, that he had loaned to such
other persons.   He was thus engaged in his own business,
and not on that of the defendant.   When he did this, leaving
his own place of labor, for the purposes specified, he assumed
the risk incident to the route voluntarily selected by him."
*Geis* v. *Tennessee Coal, etc., R. Co.* (1904), 143 Ala. 299, 39
South. 301.

The case just quoted from is almost identical with this
case.   We are seldom able to find cases so much alike in all
their essential averments.

In the case of *Elsworth* v. *Metheney* (1900), 104 Fed. 119,
44 C. C. A. 484, 51 L. R. A. 389, it was held that a coal
miner going through a passageway, during the noon hour,
to another part of the mine to visit another workman, is not
engaged in the performance of the duties of his employment,
and while thus injured he could not hold the employer
liable for any injury.   The court said: "He was not en-
gaged in the business of his employer at the time of the
injury, but came to his death at the noon hour, while return-
ing from a visit undertaken, upon his own volition, outside
the part of the mine in which he was employed."

In the case of *Wright* v. *Rawson* (1879), 52 Iowa 329, 3

N. W. 106, 35 Am. Rep. 275, an employe in a coal mine left the room where he was at work and went to another, according to custom, to visit some employes there at work, and while there the roof fell in by reason of defects in it and killed him, and it was held that no action could be maintained therefor against the employer.

These cases all seem to be very much in point, and clearly support the decision of the trial court in the case before us. Other interesting cases pertinent to the same matter might be cited. Reference is made to the following cases and text-book: *Brown* v. *Byroads* (1874), 47 Ind. 435; *Evansville, etc., R. Co.* v. *Griffin* (1885), 100 Ind. 221, 50 Am. Rep. 783; 1 Thompson, Negligence 308; *Zoebisch* v. *Tarbell* (1865), 10 Allen 385, 87 Am. Dec. 660; *Murray* v. *McLean* (1870), 57 Ill. 378; *Schmidt* v. *Bauer* (1889), 80 Cal. 565, 22 Pac. 256, 5 L. R. A. 580.

Appellee argues that the amended complaint is insufficient in other respects, but, in view of the conclusion reached, we deem it unnecessary to consider them. The court did not commit error in sustaining appellee's demurrer to appellant's amended complaint.

Judgment affirmed.