## DOMESTIC BLOCK COAL COMPANY v. HOLDEN.

[No. 8,070.  Filed November 7, 1913.  Rehearing denied February 5, 1914.  Transfer denied July 2, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Negligence.*—A complaint for injuries to the servant from the negligence of the master is sufficient if it advises the defendant of the negligence charged so as to inform him of what he is expected to meet at the trial, and plaintiff need not plead in detail such facts as are peculiarly within the knowledge of defendant.  p. 637.

2. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.*—A complaint for injuries to a coal mine employe from falling slate, alleging that defendant employed a bank boss to act for it in furnishing plaintiff a reasonably safe place to work, that defendant negligently permitted slate and rock in the mine roof to become loose and likely to fall, that said mine boss, who was authorized to direct plaintiff, ordered plaintiff to leave his work as tracklayer and to put up a neck bar in the room where the defective roof existed, that while performing such service he was injured by falling slate and rock, that defendant knew of the unsafe condition of the roof from one to ten days prior to the injury, but failed to give plaintiff any notice or warning thereof, that plaintiff did not know of such condition, and that there was nothing in the appearance of the slate or stone to indicate to him any immediate danger, sufficiently showed a legal duty owing from defendant to plaintiff and was not open to the objection that the facts pleaded showed that plaintiff assumed the risk. pp. 638, 639.

3. MASTER AND SERVANT.—*Injuries to Servant.—Knowledge of Defect.—Duty to inform Servant.*—Where the master has knowledge of the defective condition of the servant's place of work, or may obtain such knowledge by inspection, and the defect is such

that it can not be readily detected by the servant, the master must inform him thereof, and a failure to do so will render him liable in damages for injuries to the servant resulting therefrom. p. 639.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Assumption of Risk.*—*Reliance on Performance of Duty by Master.*—Where an employe is ordered by the master to leave his accustomed ·work and engage in services which subject him to increased or additional hazard, he does not in engaging in such temporary service, necessarily assume the risk, but he has a right, in the absence of knowledge of such hazard, to assume that the master has used ordinary and reasonable care to make the place safe, and that he will use such care to keep it safe. p. 639.

5. PLEADING.—*Demurrer.*—*Admissions.*—A demurrer to a complaint not only admits the facts that are well pleaded, but also all necessary inferences to be drawn therefrom. p. 639.

6. JUDGMENT.—*Judgment by Default.*—*Setting Aside.*—The trial court may, either on its own motion or that of a party, set aside a default and judgment and correct any error connected therewith which it has committed, at any time during the term at which such default or judgment was taken. p. 640.

7. APPEAL.—*Review.*—*Issues.*—*Instructions.*—There is no error in giving an instruction which conforms to the pleadings that are sufficient, even though it is not as full as contended for, since in such case it is the duty of the complaining party to tender an instruction embracing a more comprehensive statement of the issues. p. 640.

8. APPEAL.—*Review.*—*Issues.*—*Complaint.*—In a negligence case, where there was more than one paragraph of complaint, an instruction correctly stating the law as to the burden of proof, and stating that the plaintiff to recover must prove "the material allegations of at least one paragraph of his complaint" was not objectionable. p. 641.

9. MASTER AND SERVANT.—*Injuries to Servant.*—*Trial.*—*Instructions.*—*Negligence.*—*Proximate Cause.*—An instruction in a servant's action for personal injuries, stating that the elements of negligence are the existence of a duty on the part of the defendant to protect the plaintiff from the injury complained of, a failure to perform that duty, and an injury to plaintiff from such failure, was not misleading in view of other instructions on the subject of proximate cause. p. 641.

10. TRIAL.—*Instructions.*—An omission in an instruction that is not mandatory may be supplied by another instruction, and if together they correctly state the law, there is no error, though, standing alone, either does not fully state the law. p. 641.

11. APPEAL.—*Review.*—*Instructions.*—*Conformity to Issues.*—An

instruction stating that a failure to employ a competent mine boss, or a failure of the mine boss to keep a watch over the air ways of the mine, was negligence which must be attributed to the defendant, was properly given where such negligence was specifically charged in one paragraph of the complaint.  p. 642.

12.  MASTER AND SERVANT.—*Injuries to Servant.—Coal Mine Employes.—Duty of Master.—Assumption of Risk.*—The statute specifically imposes upon the operator of a coal mine certain duties to secure safety to the miners, and while an employe engaged in making a dangerous place safe assumes the risk attending such service in that particular place, he neither assumes the risk at other places where he is directed to work, of which he has no knowledge and which can be observed only by an inspection, nor does he assume the risk occasioned by the master's negligence. p. 642.

13.  APPEAL.—*Review.—Refusal of Instructions.—Modification of Instructions.*—The refusal of tendered instructions is not error where they were modified and given by the court with the instructions given on his own motion.  p. 643.

14.  MASTER AND SERVANT.—*Injuries to Servant.—Defective Place of Work.—Scope of Employment.*—The fact that a coal mine employe was at the time of his injury eating his lunch directly under the rock which fell upon him, at a point four feet from where he had begun his work, was not sufficient to show that he had voluntarily left his working place and was outside the scope of his employment, in view of other facts shown by the evidence. p. 643.

15.  APPEAL.—*Review.—Misconduct of Counsel.*—The fact that during a recess granted to the jury, one of the plaintiff's counsel wrote upon a blackboard in the court room the words, "The rules of the court are smashed," can not be made cause for reversal, where it appears that defendant's counsel knew of the writing and made no effort to have it removed, and especially in the absence of a showing that the jury was in any manner affected, or defendant harmed thereby.  p. 643.

16.  APPEAL.—*Review.—Harmless Error.*—Appellant can not complain on appeal that the court permitted a certain question to be propounded to a witness, where it appears that the court did not permit the witness to testify, and that appellant objected to a proposed instruction that the jury should not consider such question or allow it to affect the verdict in any manner.  p. 644.

17.  WITNESSES.—*Examination as to Interest.*—An adversary witness may be interrogated as to his interest in the result of a cause in which he is testifying.  p. 644.

From Putnam Circuit Court; *James A. McNutt,* Special Judge.

Action by David Holden against the Domestic Block Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Silas A. Hays* and *Lamb, Beasley & Douthitt,* for appellant.

*G. S. Payne* and *John H. James* for appellee.

IBACH, J.—Appellee brought this action to recover damages for injuries sustained while working for appellant as a miner in one of its mines. The amended complaint is in two paragraphs. The first alleges negligence of appellant under §12 of the mining act of 1905. Acts 1905 p. 65, §8580 Burns 1914. The second proceeds upon the theory of a violation of certain common law duties which appellant owed to appellee as its servant. Separate demurrers to each paragraph of the amended complaint were overruled, and this action of the court is assigned as error. Answers in general denial were filed to each paragraph of the amended complaint, together with three paragraphs of affirmative answer of former adjudication. To each of these affirmative answers appellee filed replies, and the court's action in overruling demurrers to these replies is also assigned as error. There was a trial by jury, verdict for appellee for $2,000, and judgment thereon. Appellant's motion for new trial containing many specifications was overruled, which ruling is also assigned as error.

A complaint similar in all of its material allegations to the first paragraph of this one was considered by the Supreme Court in the case of *Domestic Block Coal Co. v. DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, and upon the authority of that case and the cases there cited, the first paragraph of this complaint must be held sufficient. One effect of that decision is to hold that a complaint of this character will be sufficient if it advises the defendant of the negligence charged so as to be informed of what it is expected to meet at the trial, and

the injured party is not required to plead in detail such facts as are peculiarly within the knowledge of the defendant. These propositions are well supported by the following cases: *Louisville, etc., R. Co.* v. *Bogue* (1912), 58 South. (Ala.) 392, 394; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1912), 49 Ind. App. 565, 567, 94 N. E. 770, and cases there cited.

A number of objections are made to the second paragraph of the complaint but those chiefly urged and which, it may be said, embody all the others are that this paragraph "wholly omits to charge facts to show that the appel-

2. lant owed appellee any legal duty", "that from its averments it appears that he was employed to make a dangerous place safe, and was so engaged at the time of his injury, and that he assumed the risk of such employment, and under the facts could not recover." In this paragraph it is alleged that appellee was employed in appellant's mine as a tracklayer; that appellant employed a bank boss to act for it in furnishing appellee a reasonably safe place to work; that appellant negligently permitted slate and rock to become loose and likely to fall at any time in the roof of the neck of room No. 7; that on September 24, the bank boss, who had authority to direct and control where appellee should work, ordered him to leave his work as tracklayer, and to put a neck bar across the neck of said room, that in pursuance to said order appellee proceeded to said room and undertook to put up said neck bar, and while so engaged a large quantity of slate and rock fell upon him, injuring him; that the appellant knew from one to ten days before September 24, of the unsafe condition of said roof in said room neck, but notwithstanding said knowledge, ordered him to go into the neck of said room as aforesaid, and failed at any time to give him any notice or warning of the dangerous condition of said roof and he did not know of such condition and there was nothing in the appearance of the

slate and stone which fell upon appellee to indicate any immediate danger of its falling condition.

It is settled law, when the master has knowledge, or might obtain knowledge by an inspection, of a defective condition of the place where one of his employes is required

3. to work, which renders the place unsafe and dangerous, and where the defect is such that it can not be readily detected by such employe, the master is bound to inform him of the situation, and a failure so to do will make him liable to respond in damages to the employe who is injured by reason of the defective condition of his working place. *Park County Coal Co.* v. *Barth* (1892), 5 Ind. App. 159, 31 N. E. 585; *Summit Coal Co.* v. *Shaw* (1896), 16 Ind. App. 9, 44 N. E. 676; *Miami Coal Co.* v. *Gardiner* (1912), 49 Ind. App. 629, 97 N. E. 942. There is another well settled rule of law applicable to this case, that

4. is, where an employe is ordered by the master to leave his accustomed work and engage in other services for the master which subject him to increased or additional danger, unknown to him, he has a right to assume that the master has used ordinary and reasonable care to make the particular place where he is required to perform the new and temporary service reasonably safe, and that he will at least use ordinary care to keep the place safe while he is doing the work, and it does not necessarily follow that because he does engage in such new and temporary service at the direction of the master that he thereby assumes the increased hazard or risk. See authorities just above cited. Again we are mindful of the rule that

5. a demurrer admits to be true not alone the facts which are well pleaded, but also all necessary inferences to be drawn therefrom. *Domestic Block Coal Co.* v. *DeArmey, supra,* and cases cited. Measured by these well known rules of law the averments to be found in

2. the second paragraph of the complaint are sufficient and it must be upheld.

The trial court also correctly overruled demurrers to appellee's replies to appellant's answers of former adjudication, for it clearly appears from the records of the court as pleaded in these replies that at the same term of the court at which the judgment relied upon by appellant was erroneously rendered in favor of the defendant Howard, the mine boss, after he had been defaulted, such default and judgment was regularly set aside. There can be no question but that a trial court upon motion of a party or on its own motion may set aside a default and judgment and correct any error connected therewith, which it has committed, at any time during the term of the court at which such default and judgment was taken, and this may be done without notice to either party. The contention therefore, that the court was wrong in correcting an error committed by it as soon as the error was discovered is without merit. *Blake* v. *Stewart* (1868), 29 Ind. 318, 321; *Heaston* v. *Cincinnati, etc., R. Co.* (1861), 16 Ind. 275, 79 Am. Dec. 430.

The third to thirty-second reasons for new trial relate to the action of the court in giving to the jury certain instructions and in refusing to give others requested by appellant. It is first insisted that there was error in giving instruction No. 1, in that the jury was told by it that the action was brought by appellee to recover damages ''for an injury which he received'', that this was an assumption that the appellee was injured, which was error in view of the issues and the proof, also that the instruction was in other respects so drawn as to mislead the jury as to the issues, that the jury was led to infer from it that if the state of facts therein enumerated was proven to be true, the appellee should recover, and the facts enumerated were not sufficient to warrant a recovery. This instruction is very long, and we consider it unnecessary to copy it, for it is sufficient to say that the issues were correctly defined by it, and the material allegations of both

paragraphs of complaint referred to, and since we have held that the facts averred make the complaint sufficient, the instruction relating to the issues must also be held good. Besides, if appellant considered it material to have a more comprehensive statement of the issues made in this instruction, it should have tendered such instruction at the proper time.

Appellant's objection to instruction No. 2 can not be upheld, for by it the court instructed the jury properly upon the burden of proof, and said to the jury, for the 8. appellee to recover, he must prove "the material allegations of at least one paragraph of his complaint." Appellant in its brief in effect concedes that instructions Nos. 3, 4 and 5 were correct statements of the law, so that we need not further consider the fifth, sixth, and seventh reasons assigned for new trial.

The objection to instruction No. 6 is that it omits the element of proximate cause. This is an exact quotation from the opinion in the case of *Faris* v. *Hoberg* 9. (1893), 134 Ind. 269, 33 N. E. 1028, 39 Am. St. 261, naming the elements of negligence as: "(1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff from such failure of the defendant." and stating that "when these elements are brought together, they unitedly constitute actionable negligence". This language has been approved in many cases following *Faris* v. *Hoberg, supra,* and since the jury was fully and clearly instructed upon the subject of proximate cause, we fail to see how it could have been misled or the appellant harmed by this instruction. It is well understood that an omission in an instruction which 10. is not mandatory may be supplied by another instruction, and if taken together they correctly state the

law, it will not be error to give them, although standing alone either one does not fully state the law.

Assailing instruction No. 7, appellant says by it the jury was informed that a failure to employ a competent mine boss or the failure of the mine boss to keep a watch over the air ways of the mine is negligence, and such negligence must be attributed to the defendant company, and that such negligence was not charged in either paragraph of the complaint. In this appellant is in error, for such negligence was specifically charged in the first paragraph of the complaint. Instructions Nos. 8, 9 and 14 are fully supported by the cases of *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; and *Indianapolis Traction, etc., Co.* v. *Springer* (1911), 47 Ind. App. 35, 93 N. E. 707. Instructions No. 10 and 11 relating to the duties of the mine boss were entirely within the issues, were not misleading and were properly given. Instruction 12 is fully supported by the case of *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 616, 62 N. E. 492, 92 Am. St. 319.

It is also contended that there was error in refusing to give instructions Nos. 7 and 8 offered by appellant. These instructions are faulty, when considered in connection with the facts. They assume knowledge of the danger of the work at which he was employed on the part of appellant, and assume that he was at the particular place engaged in making a dangerous place safe. In the case of coal mines the statute specifically imposes upon the operator thereof certain duties to secure safety to the miners, and while it must be conceded that an employe who is engaged in making a dangerous place safe assumes the risk attending that particular service and at that particular place, he does not assume risks at other places where he is directed to work of which he has no knowledge, and where defects could only be observed by an inspection, neither does he assume the risk occasioned by the defendant's negligence.

The jury was fully and correctly instructed on this branch of the case by instruction No. 6 tendered by appellant. As to the other instructions tendered by appellant, and refused by the court, it is sufficient to say that they were given by the court in a corrected and modified form among his own instructions, consequently, under the rule, appellant has no cause to complain.

We can not agree with appellant in its contention that because the record shows appellee at the time he was injured was within four feet of the place where he had begun his work and directly under the rock which fell, eating his lunch, that he was therefore shown to have voluntarily left his working place and was outside the scope of his employment, and thereby prevented from recovering. The facts of the case do not bring it within the rule as announced in the case of *Brown* v. *Shirley Hill Coal Co.* (1911), 47 Ind. App. 354, 94 N. E. 574, and we are satisfied that the record here discloses appellee to have been at the time of his injury within the working place where he was required to be and engaged in a service owing the master.

The thirty-second reason urged for a new trial relates to the refusal of the court to withdraw the case from the jury on account of the alleged misconduct on the part of one of appellee's counsel during the progress of the trial. The conduct complained of is that while the jury had been permitted to take a recess, one of appellee's counsel wrote upon a blackboard in the court room with white crayon, "The rules of court are smashed". We are not advised of the reason which prompted the accused attorney to publish in the manner which he did, such an unusual charge, but as it is made to appear that appellant's attorney knew the writing was on the board before the jury was returned to the room, and made no effort to have it removed, if he concluded it would in any manner impress the minds of the jurors unfavorably to his client, he could

not afterward be heard to complain, more especially since it does not appear that the jury was in any manner affected by it, or that on account of it an unfair trial resulted, or that any harm came to appellant on account of it.

It is next insisted that the court erred in refusing to withdraw the case from the jury on account of the misconduct of appellee's attorney in propounding a certain question to one of the witnesses. It is always proper to interrogate an adversary witness as to his interest in the result of the cause in which he is testifying. However, appellant is in no position to complain here, because the court did not permit the witness to testify and the record further discloses the fact that the court was about to instruct the jurors not to consider the question propounded or in any manner allow it to affect their minds in arriving at a verdict, and such instruction was objected to by appellant, so that if any error had been committed by the court as charged, it was waived by the acts and conduct of appellant.

Questions are also presented concerning the admission of certain evidence, but no reversible error is shown in connection therewith. The evidence fully supports the verdict. The record discloses no reversible error.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 73. As to right of recovery by servant accepting extrahazardous employment, see 97 Am. St. 884. As to the liability of a mine owner to a servant for injuries caused by the falling of the roof of the mine, see Ann. Cas. 1912 B 577. As to the general question of the master's duty to warn or instruct servant, see 44 L. R. A. 33. As to the master's duty to instruct servant as to danger to which he is exposed, see 41 L. R. A. 143. On the duty to protect or warn against dangers not reasonably to be apprehended, see 21 L. R. A. (N. S.) 89. As to the servant's assumption of risk in obeying orders to perform obviously dangerous work, see 4 L. R. A. (N. S.) 830. As to attempting dangerous work in obedience to orders without fully appreciating the danger, see 4 L. R. A. (N. S.) 838. For servant's assumption of risk of danger imperfectly appreciated, see 4 L. R. A. (N. S.) 990. As to whether the servant may assume the risk of dangers created by

the master's negligence, see 4 L. R. A. (N. S.) 848; 28 L. R. A. (N. S.) 1215. As to injury to servant on master's premises, before, after, or between hours of work, see 12 L. R. A. (N. S.) 853; 23 L. R. A. (N. S.) 954. As to the effect upon master's liability for breach of statutory duty of fact that employe was resting at the time of injury, see 22 L. R. A. (N. S.) 309. See, also, under (1) 26 Cyc. 1386; (2) 26 Cyc. 1397; (3) 26 Cyc. 1165; (4) 26 Cyc. 1182, 1225; (5) 31 Cyc. 333; (6) 23 Cyc. 890, 892; (7) 38 Cyc. 1693; (8) 38 Cyc. 1748; (9) 26 Cyc. 1496, 1491; (10) 38 Cyc. 1782, 1778; (11) 26 Cyc. 1494; (12) 26 Cyc. 1199, 1182, 1225; (13) 38 Cyc. 1711; (14) 26 Cyc. Anno. (1915) 1442—New; (15) 38 Cyc. 1509; (16) 3 Cyc. 383; (17) 40 Cyc. 2651.