AMERICAN MAIZE PRODUCTS COMPANY *v.* WIDIGER.

[No. 22,980.   Filed December 21, 1916.   Rehearing denied April 4, 1917.]

1.  APPEAL.—*Questions Reviewable.—Constitutionality of Statute. —Failure to Specify in Memorandum to Demurrer.*—Under §344 Burns 1914, Acts 1911 p. 415, providing that, when a demurrer to a complaint is filed for insufficiency of facts, a memorandum shall be filed therewith stating wherein the pleading is insufficient or the defect shall be deemed waived, where defendant did not stipulate in the memorandum to its demurrer that the act under which the action was brought was unconstitutional, nor present such question by answer, it cannot on appeal question the sufficiency of the complaint in that respect. p. 229.

2.  TRIAL.—*Instructions.—Preponderance of Evidence.*—An instruction that the preponderance of the evidence means not the greater number of witnesses but the greater weight of the evidence, and that plaintiff need not prove the material allegations of his complaint beyond a reasonable doubt but only by the greater weight of the evidence, is not erroneous.   p. 229.

3.  MASTER AND SERVANT.—*Injury to Servant.—Instructions.— Insufficient Guard for Machinery.*—In a servant's action for personal injuries wherein negligence was  predicated on the alleged failure to properly guard the machine he was operating, an instruction that, if plaintiff was guilty of negligence proximately contributing to his injury, he could not recover, but that he was not guilty of contributory negligence merely because he remained at work on the machine with knowledge that it was not guarded, or that it was insufficiently guarded, was not objectionable as assuming that the machine was not guarded or was insufficiently guarded when considered with other instructions given fully covering the question of defective guards or total want of guards and requiring plaintiff to prove the negligence alleged by a preponderance of the evidence and that it was the proximate cause of the injury.   p. 230.

4.  TRIAL.—*Instructions.—Omissions.*—It is not necessary to state all the law in one instruction, but if the instructions as a whole completely and accurately state the law, they are sufficient. p. 231.

American Maize Products Co. *v.* Widiger—186 Ind. 227.

5. APPEAL.—*Review.*—*Harmless Error.*—*Refusal of Instructions.*—It is not error to refuse requested instructions where the subject-matter thereof is fully covered by those given.   p. 232.

6. MASTER AND SERVANT.—*Duty to Guard Machinery.*—*Guards.* —*Sufficiency.*—*Instruction.*—*Statute.*—As the statute (§3862d Burns 1914, Acts 1911 p. 597), requiring that machinery, etc., be guarded, does not specify in what manner dangerous machinery shall be guarded, any guard that will accomplish the legislative purpose of protecting the operator of the machine is a guard within the meaning of such statute, so it was not error to refuse a requested instruction, in an employe's action for personal injuries, that the equipping of a joiner with a cylinder head instead of a square head would not be equipping it with such a guard as is required by statute, since the cylinder head would be a sufficient guard if it afforded the protection contemplated by the law.   p. 232.

7. APPEAL.— *Review.*— *Cumulative Evidence.*— *Admissibility.*— In an employe's action for personal injuries predicated on the alleged failure to properly guard dangerous machinery, where there was some evidence showing that the type of guard used on the machine by which the servant was injured was similar to that generally used in other factories on like machines, it was not reversible error to exclude further evidence to the same effect.   p. 232.

8. APPEAL.—*Review.*—*Verdict.*— *Evidence.*— *Sufficiency.*— *Province of Trial Court.*—Where there is some evidence to sustain the verdict of the jury it cannot be disturbed on appeal for the insufficiency of the evidence, as the trial court alone had the power to weigh the evidence, determine the facts adduced therefrom, and to reconcile or disregard the conflicting statements of witnesses.   p. 233.

From Lake Superior Court; *Laurence Becker,* Judge.

Action by Adam Widiger against the American Maize Products Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1397 Burns 1914, Acts 1901 p. 565, 568.) *Affirmed.*

*Peter Crumpacker, F. C. Crumpacker* and *J. C. M. Clow,* for appellant.

*F. M. Gavit* and *John C. Hall,* for appellee.

ERWIN, J.—This action was brought by appellee against appellant for personal injuries sustained while

in the employ of appellant. From a judgment for $5,500, appeal is taken to this court. Appellant assigns as error: (1) The overruling of the demurrer to the complaint; and (2) overruling the motion for a new trial. Appellant contends that §4 of chapter 236 of the Acts of 1911, page 597 (§3862d Burns 1914), is unconstitutional and therefore appellee's complaint is insufficient to state a cause of action.

Appellant not having stipulated in its memorandum to the demurrer that the act under which this action was brought is unconstitutional—nor has the question been presented by any answer—and appellant can not now be heard to question the sufficiency of the complaint in that regard. Acts 1911 p. 415, §344 Burns 1914.

The only question remaining for our consideration is the second assignment, which arises on the ruling on the motion for a new trial.

Seventy-two reasons are assigned why a new trial should have been granted; but only those relating to the giving of certain instructions, the refusal to give certain other instructions, the admission and rejection of certain evidence, and the sufficiency of the evidence to sustain the verdict are relied on for reversal.

The first instruction of which appellant complains is No. 4, given by the court, which reads as follows: "By a fair preponderance of the evidence I do not mean the greater number of witnesses, but it does mean the greater weight of evidence. It is not necessary that the plaintiff should prove the material allegations of his complaint beyond a reasonable doubt but it is only necessary that he prove them by a greater weight of evidence." In our opinion this is a fair statement of the law relating to what constitutes a preponderance of the evidence.

Instruction No. 5 is challenged for the reason, as ap-

pellant asserts, that it assumes that the machine was unguarded or insufficiently guarded. Instruction No. 5 is as follows: "If the plaintiff was himself guilty of negligence proximately contributing to his injury he cannot recover, but I instruct you that it is the law that he cannot be held guilty of contributory negligence merely because he remained at work upon the machine with knowledge that it was not guarded, or that it was insufficiently guarded."

In connection with this instruction the court gave instructions numbered 3, 9, 10, and 23, which are as follows: No. 3. "Plaintiff's complaint is as follows: * * * To this complaint the defendant has filed an answer in general denial which puts upon the plaintiff the burden of proving all the material allegations of his complaint by a fair preponderance of the evidence."

No. 9. "Under these statutes referred to in these instructions, it became the duty of the defendant to guard the machine on which plaintiff was injured with a sufficient guard which should guard it to the fullest extent consistent with its feasible operation, and for any failure so to guard to such fullest extent feasible, it would be liable to the plaintiff for any injury received through such failure so to fully guard without his contributory negligence. A partial guard or insufficient guard is not a compliance with the statute in the event you find a more complete or safer guard could have been feasibly used. The plaintiff has alleged that the machine was furnished for his operation without any guard whatever, but under this allegation he may prove either that it was totally unguarded or that it was not sufficiently or completely guarded, and proof either of the entire absence of a guard or of an insufficient or incomplete guard would be sufficient proof of this particular allegation of the complaint."

No. 10. "The defendant was not required to guard

the machine in question unless it could be more completely or more safely guarded than the guard then upon the same without materially interfering with its efficiency for the purpose for which it was intended."

No. 23. "The negligence in the complaint is the act of the defendant in causing the machine in question to be operated without any guard whatever to protect the hands of the person operating the same, and its act in requiring the plaintiff in the course of his employment to work at said machine in cutting of pieces of timber and wood while said machine was unguarded. In order for the plaintiff to recover, the law requires that he shall prove these acts of negligence so charged by a fair preponderance of the evidence, and that such acts of negligence so charged were the proximate cause of his injury. If he fails to do so, he cannot recover."

These instructions taken together fully cover the law of the case in so far as it relates to appellee's right to recover and the facts necessary to be shown to excuse him from contributory negligence, calling special attention to the duty the master owed the servant; it tells the jury that it was incumbent on appellee to prove the negligence as alleged in his complaint by a preponderance of the evidence, and that the acts complained of were the proximate cause of the injury. Taken in connection with the other instructions, No. 5 was not an incorrect statement of the law. It is not necessary to state all the law in one instruction. If the instructions as a whole completely and accurately state the law, it is sufficient. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 624, 103 N. E. 652; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 440, 102 N. E. 369; *Domestic Block Coal Co.* v. *Holden* (1914), 56 Ind. App. 634, 641, 103 N. E. 73.

Appellant contends that the court erred in refusing to give its tendered instruction No. 14. The matters

presented by that instruction were fully covered by the court in instructions given. It is not error to refuse instructions fully covered by those given. *Chicago, etc., R. Co.* v. *Dinius, supra.*

Appellant's tendered instructions numbered 20, 24, and 25, refused by the court, are based upon the theory that the equipping of a joiner with a cylinder head instead of a square head would not be equipping it with a guard such as required by statute. Appellant also contends that certain evidence was erroneously admitted for the same reason. It is not pointed out in the statute by what particular means or manner the dangerous machinery is to be guarded, but it is clear that guards to such machinery, within the legislative meaning, are such appliances, whatever they are and by whatever name they may be called, as will accomplish the legislative purpose of protecting the operator of the machine; and appliances furnished and supplied to such machine that will afford such protection are guards within the meaning of the law. Therefore it was not error to refuse the tendered instructions nor to admit the evidence complained of. *Pinnell* v. *Cutsinger* (1909), 44 Ind. App. 419, 89 N. E. 493; *Bessler* v. *Laughlin* (1906), 168 Ind. 38, 79 N. E. 1033.

Appellant insists that the court erred in excluding certain offered evidence to the effect that the guard provided was the same kind of guard as was in general use on the same kind of machine by other factories which were considered to be well equipped and efficiently operated. The evidence admitted established the character of the guard in question to be that type of guard generally used in other factories. It would not be reversible error to exclude other evidence on the same subject. *Pennsylvania Co.* v. *Mosher* (1910), 47 Ind. App. 556, 567, 94 N. E. 1033.

There is some evidence to sustain the verdict of the jury. The trial court alone had the power to weigh the evidence and determine the facts from the evidence adduced and to reconcile or disregard the conflicting statements of witnesses. *McKeen v. A. T. Bowen & Co.* (1914), 182 Ind. 333, 341, 106 N. E. 529.

There being no reversible error presented, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 457. Master and servant: (a) duty of master to guard or enclose dangerous machinery, 98 Am. St. 299; (b) employe's right of action for employer's violation of statutory duty as to guards about machinery, 9 L. R. A. (N. S.) 381, L. R. A. 1915 E 547. Burden of proof and sufficiency of evidence as to practicability of guarding machinery from which a servant has sustained injury, 18 Ann. Cas. 133. See under (2) Ann. Cas. 1913 D 676; (3) 38 Cyc 1785; (6) 26 Cyc 1134.