TOYO KISEN KAISHA v. HARTMAN.

(Circuit Court of Appeals, Ninth Circuit.   October 7, 1918.)

No. 3136.

1. APPEAL AND ERROR ☞784—FEDERAL COURTS—DISMISSAL BECAUSE OF ER-
ROR IN METHOD OF REVIEW.
   By the express terms of Act Sept. 6, 1916, § 4 (Comp. St. 1916, § 1649a),
a federal appellate court having jurisdiction to review a cause may not
dismiss a writ of error solely because an appeal should have been taken,
but must disregard the error.·

2. MASTER AND SERVANT ☞316(1)—MASTER'S LIABILITY FOR INJURY TO SERV-
ANT—INDEPENDENT CONTRACTOR.
   Where a steamship, lying in a harbor and being unable to reach the
docks, employed and paid a firm to carry passengers and others to and
from the shore in launches, such firm was not an independent contractor
as to one injured in a launch, but its employés were pro hac vice em-
ployés of the ship.

3. MASTER AND SERVANT ☞89(1)—MASTER'S LIABILITY FOR INJURY TO SERV-
ANT—SAFE PLACE TO WORK.
   The rule respecting a safe place to work and approaches to it does not
apply to the case of a seaman in returning to his ship from the shore,
. where he had been on his own business, not connected with his employ-
ment.

4. MASTER AND SERVANT ☞120—PERSONAL INJURIES—LIABILITY OF SHIP.
   Injury to a seaman by falling, while attempting to step from a launch
to the gangplank of the ship in rough weather and carrying packages in
his arms, held not due to negligence of the ship.

In Error to the District Court of the United States for the Second
Division of the Northern District of California; Wm. C. Van Fleet,
Judge.

Action at law by A. L. Hartman against the Toyo Kisen Kaisha.
Judgment for plaintiff (244 Fed. 567), and defendant brings error.
Reversed.

Samuel Knight and F. E. Boland, both of San Francisco, Cal., for
plaintiff in error.

Edgar D. Peixotto, of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge.   The defendant in error, who brought in
the court below this action against the plaintiff in error to recover
damages for personal injuries, was employed on the steamship Shinyo
Maru, owned and operated by the plaintiff in error between San
Francisco and certain Oriental ports, including Nagasaki, Japan.   He
was on the ship's articles at a salary of $1 a month, being the barber
of the ship, and receiving the proceeds of the shop.   On the occasion
in question the ship was at her accustomed anchorage at Nagasaki, at
which place ocean-going vessels are not able to go to the dock.   The
firm of Holmes, Ringer & Co., of Nagasaki, was employed by the
plaintiff in error for the transportation of passengers and others, and
their baggage, between their ships and the shore, using launches for

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the purpose—usually large launches, but sometimes, as in the present instance, small ones.

On this occasion the defendant in error, having gone ashore on his own business, when ready to return to the ship, went to the dock, where he found one of the small launches, in which he took passage with the ship's physician, Dr. Wemple, and one Japanese. He had with him two bundles, one of which was 2 feet long and 2 inches wide, and the other about 12 by 8 inches. A heavy wind was prevailing, necessarily resulting in rough weather—some of the witnesses saying very rough. When the launch reached the ship, the doctor and the Japanese went aboard; but when the defendant in error undertook, with the two bundles under his left arm, to step from the launch to the gangplank, he lost his balance and fell, his left leg being caught in the hawse hole of the launch, resulting in his injury, for which he sued and recovered the judgment here complained of—the court below having awarded him $700 for medical and other expenses incurred by him, and a like sum for his suffering and loss of time, $1,400 in all, besides costs.

Among the defenses interposed by the defendant were denials that the crew of the launch was employed by the defendant, or was guilty of any of the negligence alleged, but, on the contrary, alleging that it was employed by an independent contractor, and as an affirmative defense set up contributory negligence by the plaintiff, and as a further and separate defense that the rights, duties, and liabilities of the parties were prescribed and to be measured by the laws of the empire of Japan in force at the time of the accident, which laws the answer set forth at large.

[1] A motion has been made on behalf of the defendant in error to dismiss the writ of error, on the ground that the action was really in admiralty, and the judgment reviewable only by appeal. In denying the motion, which we do, we think it sufficient to cite section 4 of the act of September 6, 1916 (39 Stat. 726 [Comp. St. 1916, § 1649a]), which provides as follows:

"That no court having power to review a judgment or decree rendered or passed by another shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out, but when such mistake or error occurs it shall disregard the same and take the action which would be appropriate if the proper appellate procedure had been followed."

The plaintiff in error contends that the firm of Holmes, Ringer & Co. was an independent contractor, for whose negligence, if any, it is not responsible; that, if not such independent contractor, then its employés were pro hac vice the employés of the plaintiff in error, and therefore fellow servants of the defendant in error, for whose negligence, if any, the former is not liable; that there was no negligence on the part of the plaintiff in error, and, if so, that the injury was proximately caused by the negligence of the defendant in error; that the court below erred in holding that the laws of the empire of Japan did not measure the rights and liabilities of the parties, and erred in refusing to apply the general rule of the maritime law in fixing the amount of recovery allowed.

[2] We have no difficulty in agreeing with the trial court that the firm of Holmes, Ringer & Co., being under contract with the steamship company to furnish means of communication back and forth between the dock and ship, cannot be properly regarded as an independent contractor, but that the plaintiff in error must be taken to have held out to its employés, as well as to its passengers aboard the ship, that they were to use the means of transportation thus afforded; indeed, it was the only means—provided and paid for, as the record shows, by the plaintiff in error. The crew of the launch were therefore pro hac vice employés of the plaintiff in error.

[3] Assuming that there was some evidence tending to show negligence by them, and therefore sufficient to sustain the finding of the court that they were negligent, we are still unable to sustain its conclusion that the plaintiff in error was liable for the injury. The learned judge based his conclusion upon the well-established rule regarding the duty of an employer to furnish his employé with a reasonably safe place for the performance of his labor, adding in his opinion that it "includes reasonably safe means of access to his place of employment—so far, at least, as the circumstances require such means to be furnished by the employer."

We are of the opinion, however, that the rule referred to has no application to the facts of the present case; for, as shown by the evidence without dispute, neither in going from or returning to the ship was the defendant in error traveling for any purpose connected with the business of his employer, but solely for his own pleasure and purposes. Ellsworth v. Metheney, 104 Fed. 119, 44 C. C. A. 484, 51 L. R. A. 389, presented a case to the Circuit Court of Appeals for the Sixth Circuit where a coal miner, during the noon hour and while not engaged in work, went to visit another miner in another part of the mine, and in going along one of the passageways was killed by coming in contact with a wire claimed to have been improperly insulated. The trial court instructed the jury, in effect, that the deceased, in going and returning from the visit during the hour set apart for dinner and rest, was "in the line of duty within the meaning of the law."

In holding that view erroneous, Judge Day (now a Justice of the Supreme Court), with whom concurred Judge Lurton (later also a Justice of the Supreme Court) and Judge Severens, said:

"It is to be borne in mind in this connection that Metheney was not going from, or coming to, his work. He was not engaged in the business of his employer at the time of the injury, but came to his death during the noon hour, while returning from a visit undertaken, upon his own volition, outside the part of the mine in which he was employed."

See, also, Ocean Accident, etc., Co. v. Industrial Accident Com., 173 Cal. 313, 159 Pac. 1041, L. R. A. 1917B, 336; Kennedy v. Chase, 119 Cal. 637, 52 Pac. 33, 63 Am. St. Rep. 153; Wright v. Rawson, 52 Iowa, 329, 3 N. W. 106, 35 Am. Rep. 275; 1 Shear. & R. Neg. § 190.

[4] But, if the law were otherwise, we are of the opinion, after a careful consideration of the question of the alleged negligence, that but one conclusion can be reasonably reached upon the evidence, and

that is that the unfortunate accident was not due to any negligence on the part of any employé in the operation of either the launch or ship, but to the attempt of the defendant in error to step from the launch to the gangplank, in the then condition of wind and water, with the bundles under one of his arms. It would serve no useful purpose to review the evidence, but, reaching that conclusion, it is obviously our duty to disregard the finding of the trial court to the contrary. It being unnecessary to consider any of the other points relied upon by the plaintiff in error, the judgment is reversed, and the case remanded to the court below for a new trial.