## DAVISSON *v.* DUSTIN ET AL.

[No. 9,743. Filed February 21, 1919.]

APPEAL.—*Review.—Verdict.—Evidence. — Sufficiency. — Province of Trial Court.*—Where there is some evidence to support the finding of the trial court, the verdict will not be disturbed on appeal for insufficiency of evidence, as the trial court alone has the power to weigh the evidence, determine the facts adduced therefrom, and reconcile, or disregard, the conflicting statements of witnesses.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by Halic Davisson against Harley Dustin and others. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Frank E. Gilkison,* for appellant.
*Hiram McCormick,* for appellees.

ENLOE, J.—This was a suit upon a promissory note dated January 30, 1915, for the sum of $200, due in nine months, with interest and attorney's fees, and

bearing the names of appellees Harley Dustin, William Dustin and Mattie Twoer as the makers thereof. Harley Dustin was defaulted for want of answer. Appellees William Dustin and Mattie Twoer each filed a verified answer of *non est factum,* and upon the issues thus formed the cause was submitted to the court for trial. The court, having heard the evidence, found for the appellant, as against the appellee Harley Dustin, and rendered judgment in favor of appellant as against said appellee, on said note, but found in favor of the other appellees, and rendered its judgment in their favor, as against appellant, for their costs.

Appellant then filed his motion for a new trial, which was overruled, and to which ruling he duly excepted, and in this court has assigned five separate errors, but the only assignment which is proper and which presents any question for our consideration is his first assigned error, viz.: that the court erred in overruling appellant's moton for a new trial.

Appellant, in his motion for a new trial, assigned five separate reasons as grounds therefor, but only the first and second of the reasons so assigned are proper and present any question.

The vital point in this case is whether appellee Harley Dustin had authority to sign the name of his mother, Mattie Twoer, and of his brother, William Dustin, to the note in suit, for it is conceded that the names of both of said appellees were written and placed upon said note by said Harley Dustin. This was a controverted question. As against the positive testimony of the mother and son, whose names were so signed to said note, that they had no knowledge of the execution of said note and did not give to Har-

ley Dustin any authority to sign their names thereto, we are asked to weigh and consider other testimony which it is urged tends to show implied authority to Harley Dustin to so execute this note. Even if it be conceded that the testimony in the record fairly tends to show such implied authority, we are not at liberty to weigh this evidence and disturb the finding of the lower court. Where there is evidence to support the finding of a court, the trial court alone has the power to weigh the evidence, determine the facts from the evidence adduced, and reconcile or disregard the conflicting statements of witnesses. *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457.

The judgment of the Martin Circuit Court is therefore affirmed.