## Garmeada Coal Co. v. Mabe et al.

May 24, 1949.

Rehearing denied October 4, 1949.

James S. Greene, Jr. for appellant.

James W. Smith for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This appeal is prosecuted from the judgment of the Bell Circuit Court affirming an award of $15 per week for 50 weeks made to Virgil Mabe by the Workmen's Compensation Board for the loss of two-thirds each of his index and second fingers on his left hand.

Appellant insists that the injury being an admittedly self-inflicted one, it was incumbent upon appellee to prove that it was not wilful; and that the Board erred in its ruling of law in holding that it was incumbent upon the employer to prove the injury was both wilful and self-inflicted for the purpose of obtaining compensation. There is no doubt that the Board erred in this ruling, as the burden was upon appellee to prove that the injury although self-inflicted was not wilful and for the purpose of obtaining compensation. Black Star Coal Co. v. Hall, 257 Ky. 481, 78 S. W. 2d 343, 345. It was written in the Hall opinion:

"The question is quite simple. Mr. Hall admits he cut off his own thumb, and claims compensation therefor because, as he says, he did it accidentally. He must prove that; he must sustain that burden. If he does so, by sufficient evidence, he should prevail; if not, the coal company should prevail."

In the case at bar appellee testified in substance that he was chopping a piece of seasoned hickory "4 x 6, about two feet long" to brace a mine timber. His axe was dull and it glanced off the piece he was trimming and cut his middle finger "might nigh plumb off, just a little piece of skin holding it * * * and the front finger was about two-thirds off." He asked a fellow-workman if he had a knife and requested him to clip the skin that was holding the middle finger. Instead of acceding to appellee's request, the workman "took off after the boss." Appellee then took the axe and attempted to chop the skin that was holding the middle finger on his hand "and I miss the place and hit back here," indicating that he hit his fingers behind the original wound. Thereupon, he "took the axe and rubbed that skin off."

The only facts which appellant argues that tend to contradict appellee as to how he cut his fingers are some peculiar circumstances. He did not take any lunch or water with him when he entered the mine, although he was to work all night; the injury occurred within an hour after he went on duty; there was no reason for him to hew on this hickory header, as no safety timber was required; the end of the axe-amputated finger was found six or seven feet from the header on which appellee was chopping; that appellee was more interested in reporting his injury than he was in getting out of the mine and receiving medical attention. However, appellant frankly admits in brief that there is probably sufficient evidence of probative value to support the Board's finding of fact had it correctly placed the burden of proof.

Appellant insists that as the Board erroneously placed the burden upon it of proving appellee's injury was wilfully inflicted, its finding of fact under the same proof might have been different had the Board correctly held the burden was on appellee. It cites the Hall case, 257 Ky. 481, 78 S. W. 2d 343, where in holding the Board erred in placing the burden on the employer to prove beyond a reasonable doubt that the injury to the employee was wilful and self-inflicted, this language was used:

"The board erred in its ruling that the coal company would have to establish beyond a reasonable doubt that Hall intentionally cut off his thumb in order to sustain its defense. What this board's finding of fact should

be after its mind is freed of this error, we make no intimation, as that is for it to decide. When a person looks at an object through a colored glass, the object appears to be colored, whereas it is only the glass that is colored, so here this board cannot have taken an uncolored view of these facts in view of its discolored view of the law through which it viewed the facts when weighing them.''

There is a vast distinction between one having the burden to prove an injury was wilfully self-inflicted and one having to prove such fact beyond a reasonable doubt. The burden of proof merely requires one to make out a prima facie civil case which, if uncontradicted, will take the case to the jury and support a verdict; while in criminal cases the Commonwealth is required to prove beyond a reasonable doubt that the accused is guilty. Proof sufficient only to make out a prima facie case might not be sufficient to establish the accused's guilt beyond a reasonable doubt. Appellant argues that the distinction between ''burden of proof'' and ''proof beyond a reasonable doubt'' is just one of degree. That is correct, the difference is one of degree, but of such a great degree as to constitute a difference in the legal principles applicable. In civil cases the party has the burden of proof to make out a prima facie case, while in criminal cases the accused must be proven guilty beyond a reasonable doubt. It is patent it takes strong and convincing evidence to prove anything beyond a reasonable doubt, while only slight evidence, that which makes out a prima facie case, is sufficient to meet the burden of proof. Hawkins v. Davie, 136 Ga. 550, 71 S. W. 873; Jones v. McElroy, 134 Ga. 857, 68 S. E. 729, 730, 137 Am. St. Rep. 276; Lovejoy v. State, 62 Ark. 478, 36 S. W. 575; American Maize Products Co. v. Widiger, 186 Ind. 227, 114 N. E. 457.

The Hall opinion, 257 Ky. 481, 78 S. W. 2d 343, is correct when it says that the Board might well make a different finding of fact on the same evidence when it correctly applies the law that the employee had the burden of showing the injury was not wilfully self-inflicted, instead of erroneously holding that the employer must prove that fact beyond a reasonable doubt. Here, the evidence is sufficient to support the Board's finding that the injury was not wilfully self-inflicted and will uphold

the Board's finding regardless of which side had the burden of proof. It is said in KRS 342.285 that the findings of the Board should be conclusive and binding as to all questions of fact, and in numerous cases we have held that any finding of fact by the Board will be sustained by this court if supported by evidence of substance and relative consequence having fitness to induce conviction. See American Rolling Mill Co. v. Pack, 278 Ky. 175, 128 S. W. 2d 187, 190.

For the reasons given, the judgment is affirmed.